994 P.2d 222 (1999)
99 Wash.App. 331
STATE of Washington, Appellant,
v.
Samuel WHITFIELD, Respondent.
No. 44373-9-I.
Court of Appeals of Washington, Division 1.
December 27, 1999.
Publication Ordered February 22, 2000.
Brian M. McDonald, Deputy Pros., and Gary M. Ernsdorff, King Co. Pros. Atty. Office, Seattle, WA, for appellant.
Sharon J. Blackford, Washington Appellate Project, Seattle, WA, for respondent.
PER CURIAM.
Samuel Whitfield pleaded guilty to assault in the third degree and disorderly conduct. The trial court imposed an exceptional sentence below the standard range based on the mitigating factor that to a significant degree, the victim was the provoker of the incident. RCW 9.94A.390(1)(a). The State appeals, contending that as a matter of law, the victim's nonthreatening words were insufficient to provoke Whitfield's assault and Whitfield's assault was so disproportionate to the victim's words that the victim did not provoke the assault to a significant degree. The State also challenges two of the court's findings of fact. We affirm the exceptional sentence.

*223 FACTS
Samuel Whitfield was charged with assault in the third degree and disorderly conduct. The charges arose from an incident in September 1998 when Whitfield assaulted his niece, Lanetta. Whitfield and his extended family had gathered for dinner. Most of the adults, including Lanetta, were drinking alcohol. Lanetta had fought with others before the incident with Whitfield. In Whitfield's presence, Lanetta repeatedly confronted Whitfield's fianc'e, Lisa Morris, about other women Lanetta claimed Whitfield was seeing. After several unsuccessful attempts to extract themselves from the conversations, Whitfield and Morris decided to leave. They collected their belongings, took their child and left the house, heading toward their car. Lanetta followed them outside and continued to confront Morris.
Whitfield responded by assaulting Lanetta. He repeatedly hit her in the face and body, causing bruising on her entire face and her left eye to swell completely shut. The assault stopped only when a relative heard the commotion, came outside, and pulled Whitfield off Lanetta.
Whitfield pleaded guilty as charged. He admitted that during the struggle, with criminal negligence he caused Lanetta bodily harm accompanied by substantial pain that extended for a sufficient period to cause her considerable suffering.
The standard range for the assault was 22 to 29 months. The State recommended a sentence of 22 months. Whitfield requested an exceptional sentence below the standard range. He admitted that he should not have responded to Lanetta's verbal confrontation by hitting her and that the degree of force he used was excessive, but he argued that to a significant degree Lanetta provoked the incident. Whtifield filed letters and declarations from numerous family members that supported this claim. Whitfield also argued that when they were outside trying to leave, Lanetta first struck him in the face and that he hit her in response and in an effort to restrain her.
The trial court found that Lanetta began and pursued a "controversial, confrontational and accusatory conversation" with Morris and that by her insistent behavior, Lanetta was a provoker of the incident. The court further found that Lanetta did not strike Whitfield, but her repeated verbal conduct ultimately provoked a violent response from Whitfield and that Whitfield's response was disproportionate to the provocation. The court concluded that the extent and persistence of Lanetta's conduct was sufficient to support an exceptional sentence below the standard range. The court imposed a sentence of 6 months partial confinement conditioned on his immediate enrollment in pre-arranged in-patient drug treatment.[1]

DECISION
In reviewing the exceptional sentence, this court first considers whether the trial court's reasons for departing from the standard range are supported by the record and are not clearly erroneous. State v. Jeannotte, 133 Wash.2d 847, 856, 947 P.2d 1192 (1997). The trial court's findings will be reversed only if no substantial evidence supports them. Jeannotte, 133 Wash.2d at 856, 947 P.2d 1192.
The State challenges the court's finding that "Lanetta began a controversial, confrontational, and accusatory conversation with [Morris]." The State argues that the finding is not supported by the record and that Lanetta's conduct toward Morris was at most persistent and annoying.
*224 The State's challenge fails. The trial court made extensive findings of fact, most of which are unchallenged. The State does not challenge the trial court's findings that several times Whitfield and Morris tried to extract themselves from confrontation with Lanetta and that Lanetta followed them out and continued her accusations, "ostensibly directed at [Morris]." The court's finding is amply supported by the record.
The State also challenges the trial court's finding that Lanetta, "by her insistent behavior, was a provoker of this incident." The finding is supported by substantial evidence. To the extent the State challenges the finding as a matter of law, we address it below.
The second step in the court's review of an exceptional sentence is to determine whether, as a matter of law, the trial court's reasons justify a departure from the standard range. Jeannotte, 133 Wash.2d at 856, 947 P.2d 1192. The reasons must be substantial and compelling and must take into account factors other than those necessarily considered in computing the standard range. Jeannotte, 133 Wash.2d at 856, 947 P.2d 1192.
RCW 9.94A.390 (1)(a) lists as a mitigating factor that "[t]o a significant degree, the victim was an initiator, willing participant, aggressor, or provoker of the incident." Because the Legislature has specifically identified this as a valid mitigating factor, the court's reason for imposing an exceptional sentence downward is valid as a matter of law. Jeannotte, 133 Wash.2d at 857, 947 P.2d 1192; State v. Nelson, 108 Wash.2d 491, 499, 740 P.2d 835 (1987).
But the State contends that because the Supreme Court has held that a victim's words are never sufficient provocation for a physical assault, State v. Riley, 137 Wash.2d 904, 911, 976 P.2d 624 (1999), similarly, a victim's nonthreatening words cannot to a significant degree provoke a physical assault so as to justify an exceptional sentence downward. The State also contends that an exceptional sentence downward is warranted under this mitigating factor only where the defendant's response is proportional to the victim's provocation and that because Whitfield's assault was so disproportionate to Lanetta's annoying remarks, as a matter of law it does not constitute a substantial and compelling reason justifying the exceptional sentence.
In Riley, the defendant appealed his first degree assault conviction, arguing that the trial court erred in giving an aggressor instruction as one of several self-defense instructions. Riley argued that the aggressor instruction violated his First Amendment rights, apparently because he believed the instruction was given based on remarks he made about the victim. 137 Wash.2d at 908-09, 976 P.2d 624. The court rejected Riley's challenge to the instruction. The court noted that in general where there is credible evidence from which a jury could reasonably determine that the defendant provoked the need to act in self-defense, an aggressor instruction is appropriate. 137 Wash.2d at 909-910, 976 P.2d 624. The court reasoned that although there was conflicting evidence leading up to the shooting, it was undisputed that Riley pulled a gun on the victim first. Thus, the aggressor instruction was appropriate because it was based not only on Riley's words, but on his aggressive conduct as well. 137 Wash.2d at 904, 976 P.2d 624.
In dicta, a majority of the court went on to hold that giving an aggressor instruction, where words alone are the asserted provocation, would be error aside from any First Amendment issue. Riley, 137 Wash.2d at 911, 976 P.2d 624. The majority reasoned that words alone do not constitute sufficient provocation because they do not give rise to a reasonable apprehension of bodily harm, and a defendant faced with only words is not entitled to respond with force. Riley, 137 Wash.2d at 910-11, 976 P.2d 624.
The State asks the court to extend Riley and apply it to situations where a defendant guilty of assault seeks an exceptional sentence downward on the ground that the victim was an initiator, aggressor or provoker of the incident. In effect, the State seeks to limit application of the statutory mitigating factor to situations in which provocation by the victim was by more than words.
But the Legislature has determined that certain "failed defenses" may constitute *225 mitigating factors supporting an exceptional sentence below the standard range. State v. Jeannotte, 133 Wash.2d 847, 851, 947 P.2d 1192 (1997). In State v. Hutsell, 120 Wash.2d 913, 921, 845 P.2d 1325 (1993), the Supreme Court cited with approval the discussion in D. Boerner, Sentencing in Washington, section 9-23 (1985):
The Guidelines contain a number of mitigating factors applicable in situations where circumstances exist which tend to establish defenses to criminal liability but fail. In all these situations, if the defense were established, the conduct would be justified or excused, and thus would not constitute a crime at all. The inclusion of these factors as mitigating factors recognizes that there will be situations in which a particular legal defense is not fully established, but where the circumstances that led to the crime, even though falling short of establishing a legal defense, justify distinguishing the conduct from that involved where those circumstances were not present. Allowing variations from the presumptive sentence range where factors exist which distinguish the blameworthiness of a particular defendant's conduct from that normally present in that crime is wholly consistent with the underlying principle.

See e.g., State v. Pascal, 108 Wash.2d 125, 137, 736 P.2d 1065 (1987) (where defendant was convicted of manslaughter after claim of self-defense based on battered woman syndrome failed, trial judge properly evaluated evidence of statutory mitigating factors, including that victim was initiator, aggressor or provoker of incident, and imposed sentence below the standard range).
This principle of a failed defense as a mitigating factor, adopted by the Legislature and explained and applied by the Supreme Court, was properly applied by the trial court in this case. Whitfield did not claim self-defense; he never claimed that Lanetta's provocation legally justified or excused his conduct. But Lanetta's insistent verbal confrontation and provocation justifies distinguishing Whitfield's conduct from the typical third degree assault. If the Legislature or the Supreme Court chooses to prohibit application of the mitigating factor as a matter of law to instances involving only verbal provocation, it may do so. But we have no basis to do so.
For the same reasons, we reject the State's argument that a sentence below the standard range is warranted under the "initiator, aggressor, provoker" mitigating factor only where the defendant's response is proportional to the victim's provocation. Reasonable force, used in lawfully defending oneself, constitutes lawful self-defense and is a complete defense to the charge. State v. Acosta, 101 Wash.2d 612, 616-17, 683 P.2d 1069 (1984). In such a situation, there is no need for the mitigating factor. The only proportionality requirement in the mitigating factor as codified is that "to a significant degree" the victim provoked the incident. Although the trial court did not use the "significant degree" terminology, the court clearly found that the extent and persistence of Lanetta's conduct was sufficient to warrant application of the mitigating factor.
The trial court's reasons for departing from the standard range are supported by the record and as a matter of law, the reasons justify a departure from the standard range under RCW 9.94A.390(1)(a).
Affirmed.
NOTES
[1] The trial court also found:

[Whitfield's] [drug] addiction, while apparently a factor in most, if not all, of his criminal history, is not a factor in the granting of a sentence of exceptional duration in this case. [Whitfield's] addiction and his attempts to assure recovery, however, are factors considered by the court in the structuring of the conditional portions of the sentence imposed.
The court initially imposed a sentence of 12 months plus one day, with day-for-day credit against Whitfield's sentence for each day spent in drug treatment. On the State's motion for reconsideration, the court modified the sentence. Neither party challenges this aspect of Whitfield's sentence.