IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 73922-1-I |
| Respondent, | ) ) | DIVISION ONE |
| v. | ) ) | UNPUBLISHED OPINION |
| D'ANDRE JOVON CORBIN, | ) ) | FILED: April 24, 2017 |
| Appellant. | ) ) | |

BECKER, J. — D'Andre Corbin appeals his sentence for attempted assault and cyberstalking. He contends that he received ineffective assistance of counsel because his attorney did not inform the trial court of its discretion to impose an exceptional sentence. This claim fails because Corbin has not shown that there were grounds for imposing an exceptional sentence.

The underlying facts are undisputed. One night in December 2012, while Corbin's wife was at work, Corbin sent her a series of hostile text messages in which he threatened to beat and kill her. Corbin eventually showed up at his wife's workplace. She ran away from him and called 911. Corbin chased her outside, where he was seen punching her. Police arrived and arrested him.

The State charged Corbin with one count of attempted first degree assault and two counts of felony cyberstalking. The cyberstalking counts were felonies because of the threats to kill. A jury convicted him as charged.

Corbin's offender score was 12. For the attempted assault conviction, the court imposed a standard range 120-month sentence, as well as a 36-month term of community custody. For each of the cyberstalking convictions, the court imposed standard 60-month sentences to run concurrently with the 120-month sentence for attempted assault.

Corbin appealed to this court. We determined that his sentence required reversal for two reasons argued in his appellate brief: Because of the community custody term, his sentence for attempted assault exceeded the statutory maximum of 120 months, and he received ineffective assistance of counsel insofar as his lawyer failed to argue that the two cyberstalking convictions encompassed the same criminal conduct. State v. Corbin, No. 71309-4-I, slip op. at 5-7 (Wash. Ct. App. Mar. 30, 2015) (unpublished), http://www.courts.wa.gov/opinions/pdf/713094.pdf. The potential for an exceptional sentence downward due to mitigating factors was not an issue raised in that first appeal.

Before resentencing, Corbin prepared a pro se memorandum in which he requested an exceptional sentence downward. He argued that his wife provoked the incident by responding to his text messages with insults and that the evidence showed she did not take the threat to kill seriously. It is not clear in the record whether Corbin filed this memorandum before or after the resentencing hearing.

The sentencing brief submitted by defense counsel did not argue for an exceptional sentence. At the hearing, the prosecutor informed the trial court that

the parties were jointly seeking a modified sentence. The State asked the court to strike the period of community custody and deem the cyberstalking convictions the same criminal conduct for purposes of calculating Corbin's offender score. But even with these changes, the State explained, the standard sentence range remained the same on all counts.

Corbin's attorney expressed agreement with the prosecutor's recommendations and then told the court that Corbin was requesting a mitigated sentence:

> [DEFENSE COUNSEL]: I should say, Your Honor, that's all accurate. There had been a request by Mr. Corbin to address mitigating circumstances at the sentencing. However, it was indicated that these were the two issues that the appellate court had sent down, and these two issues have been resolved in agreement, which is to say no community custody and same criminal conduct. My client wants to submit a motion if he may, I think with regard to the mitigation issue.
>
> THE COURT: Well, counsel already brought that up and I already explained that there's two issues we're going to address today and two issues only.[1] I'm not going to revisit the sentence except for what the Court of Appeals directed us to. And that's all we're talking about today.
>
> [DEFENSE COUNSEL]: Understood. He would still like to submit the brief. I don't know if Your Honor has an objection to that.
>
> MR. CORBIN: I'd like to file it—I'd like to file it and appeal the decision, Your Honor.
>
> THE COURT: You can file whatever you want.

The court entered an order striking the period of community custody and adjusting Corbin's offender score. Otherwise, the original sentence remained

---

[1] According to the State, the trial court's comment appears to refer to "a prior communication between the court and the parties during which the trial court decided not to consider Corbin's request for an exceptional sentence. However, that communication is not part of the record on appeal." Brief of Respondent at 10 n.5.

3

unchanged; Corbin received a sentence of 120 months for attempted first degree assault and 60 months for each of the cyberstalking convictions, to run concurrently.

Corbin appeals. He contends that he received ineffective assistance of counsel because his lawyer failed to inform the court of its discretion to impose a mitigated sentence.

There is a strong presumption that counsel was effective. State v. McFarland, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). To prevail on a claim of ineffective assistance, Corbin must demonstrate that his attorney's performance was both deficient and prejudicial. McFarland, 127 Wn.2d at 334-35.

A trial court hearing a case after remand has discretion to consider an issue that was not the subject of appeal. State v. Barberio, 121 Wn.2d 48, 51, 846 P.2d 519 (1993). Thus, the trial court here had discretion to consider Corbin's request for a mitigated sentence, even though mitigation was not addressed on appeal. Corbin's ineffective assistance theory is that his attorney misdirected the court regarding its discretion. His attorney informed the court of his request for an exceptional sentence, but then said that only "two issues" were "sent down" by the appellate court.

The attorney's comment could be interpreted as an assertion that the court did not have discretion to consider issues other than those raised on appeal. If so, under Barberio it was an erroneous statement of law. The superior court is not limited by the scope of the remand. Barberio, 121 Wn.2d at 51.

4

The record does not demonstrate that the trial court misunderstood the controlling law. But even if the court erroneously believed its discretion was confined to the two issues identified on remand and counsel performed deficiently by reinforcing the error, counsel's performance was not prejudicial. This is because grounds for an exceptional sentence downward were not present.

Corbin's argument for an exceptional sentence relies on a statutory mitigating factor: "to a significant degree, the victim was an initiator, willing participant, aggressor, or provoker of the incident." RCW 9.94A.535(1)(a). He cites State v. Whitfield, 99 Wn. App. 331, 994 P.2d 222 (1999), in support of his contention that he was provoked to commit the assault. In Whitfield, the trial court gave an exceptional downward sentence to a defendant convicted of third degree assault for hitting his niece at a family party. We concluded that the principle of a failed defense as a mitigating factor was properly applied by the trial court. The victim's "insistent verbal confrontation and provocation" justified "distinguishing Whitfield's conduct from the typical third degree assault." Whitfield, 99 Wn. App. at 337. The defendant was barraged by his niece's offensive remarks as she repeatedly attempted to continue an argument that she had started. Corbin contends his wife put him in a similar position by sending him text messages in which she called him a loser and said that she hated him.

This case is not comparable to Whitfield. Corbin initiated the confrontation with his wife when he showed up at her workplace uninvited, angry, and

5

threatening to kill her. She told him to leave. He refused to do so. When she attempted to get away from him, he chased her outside.

Because the record does not support a finding that Corbin was provoked to any significant degree, there is not a reasonable probability that a different presentation by his attorney at sentencing would have resulted in Corbin receiving a mitigated sentence.

Corbin asks that no costs be imposed on appeal. When a trial court makes a finding of indigency, that finding remains throughout review "unless the commissioner or clerk determines by a preponderance of the evidence that the offender's financial circumstances have significantly improved since the last determination of indigency." RAP 14.2. Here, Corbin was found indigent by the trial court. If the State has evidence indicating that Corbin's financial circumstances have significantly improved since the trial court's finding, the State may file a motion for costs with the commissioner.

Affirmed.

Becker, J.

WE CONCUR:

Trickey, A.C.J.

Dwyer, J.