[No. 64395-9-I. Division One. August 29, 2011.]

SKAGIT COUNTY, *Appellant*, v. SCOTT WALDAL ET AL.,
*Respondents*.

*Scott Waldal, Skagit Hill Recycling Inc.*, and *Avis LLC*, pro se.

*Richard A. Weyrich, Prosecuting Attorney*, and *A.O. Denny, Deputy*; and *William W. Honea* (of *Barron Smith Daugert PLLC*), for appellant.

¶1 BECKER, J. — Granting Skagit County's appeal, we reverse orders issued against the County early in the case by a judge who later recused. Denying relief to cross appellants, we affirm an order enjoining them from conducting solid waste handling activities without a permit.

## EFFECT OF RECUSAL

¶2 Skagit County (County) initiated this action by suing Scott Waldal, Skagit Hill Recycling Inc., and Avis LLC (collectively Waldal) for abatement of a nuisance.

¶3 The County filed the complaint on June 12, 2009. Waldal filed a counterclaim on July 2, 2009. In the counterclaim, Waldal alleged that the County was a competitor with private recycling facilities in the County; that two of the county commissioners were opposed to privatization of solid waste handling; and that one commissioner in particular had a personal pecuniary interest in preventing Skagit Hill Recycling from operating at its current site.

¶4 On June 23, the County had issued subpoenas to several of Waldal's lenders and to his wife's demolition

company. Waldal and some of the subpoenaed parties moved to quash. Waldal requested sanctions for having to resist the subpoenas. Skagit County Superior Court Judge Susan Cook presided over a hearing on the motions on July 24, 2009. During the hearing, counsel for the County discussed Waldal's allegations that the improper pecuniary interest of the commissioner was the driving force behind the decision to deny the permit.

¶5 Judge Cook ruled that the subpoenas were overly broad, unreasonable, and oppressive. She signed orders quashing the subpoenas on July 24, 2009, and indicated that she was also inclined to grant Waldal's request for monetary sanctions. At the time, counsel for Waldal did not have an order prepared with an exact dollar figure.

¶6 On August 3, 2009, the County asked Judge Cook to reconsider. The County also argued that sanctions were not warranted because the subpoenas were "substantially justified" within the meaning of CR 37, the rule allowing discovery sanctions.

¶7 On August 17, 2009, the last brief on the topic of sanctions against the County was filed.

¶8 Also on August 17, all Skagit County Superior Court judges, including Judge Cook, recused from the case. The judges issued a brief announcement explaining the recusal was "due to the personal allegations involving our County Commissioners." The case was transferred to visiting Judge Ronald Castleberry of Snohomish County Superior Court.[1]

¶9 On August 27, Judge Cook issued a letter ruling denying the County's motion for reconsideration. "I have now reviewed the pleadings filed in connection with the County's motion for reconsideration. The motion is denied."

¶10 On September 18, 2009, the County filed a memorandum arguing that Judge Cook, having recused herself, should vacate her previous orders and should take no

---

[1] According to the final judgment, the counterclaim was later dismissed, and it is not at issue in this appeal.

further action in the case. Meanwhile, Waldal proposed an order granting sanctions.

¶11 On September 30, Judge Cook signed Waldal's proposed order granting $6,240 in sanctions against the County. The County's motion for discretionary review of that order was later accepted by this court as a direct appeal.

¶12 The County contends that all orders signed by Judge Cook must be vacated. The County's argument is based on the appearance of fairness doctrine.

¶13 The appearance of fairness doctrine seeks to ensure public confidence by preventing a biased or potentially interested judge from ruling on a case. Evidence of a judge's actual or potential bias is required to establish a violation. *In re Marriage of Meredith*, 148 Wn. App. 887, 903, 201 P.3d 1056, *review denied*, 167 Wn.2d 1002 (2009). "Under the appearance of fairness doctrine, a judicial proceeding is valid only if a reasonably prudent and disinterested person would conclude that all parties obtained a fair, impartial, and neutral hearing." *Meredith*, 148 Wn. App. at 903. Judges must recuse—that is, disqualify themselves from hearing a case—if they are biased against a party or if their impartiality may reasonably be questioned. *Meredith*, 148 Wn. App. at 903.

¶14 Whether recusal was necessary in this case is not the issue before us. The fact is the judges did recuse. The issue is what actions a judge may or may not take after recusing. There appears to be no Washington authority on this point. Federal courts "have almost uniformly held that a trial judge who has recused himself should take no other action in the case except the necessary ministerial acts to have the case transferred to another judge." *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 457 (5th Cir. 1996) (even though no grounds supported judge's decision to recuse, judge could not reconsider that decision once recused); *see also El Fenix de P.R. v. The M/Y Johanny*, 36 F.3d 136, 142 (1st Cir. 1994) (though motion to disqualify judge should not have been

granted, judge once recused should not have reconsidered the order granting the motion). Although Washington courts have not addressed the issue, other states have. *See, e.g., Payton v. State*, 937 So. 2d 462, 465 (Miss. Ct. App.) (adopting federal rule on issue of first impression and listing other states that follow same or similar rule), *cert. denied*, 937 So. 2d 450 (Miss. 2006).

¶15 Waldal assumes the recusal by the judges was motivated by a concern about the potential for an appearance of bias *in favor* of the County. He argues that because Judge Cook ruled *against* the County, there is no need to reverse the order of sanctions. We reject this argument. All we know about why the Skagit County judges recused is that it was due to "personal allegations involving our County Commissioners." All we can infer is that the judges believed that because of those allegations, their impartiality might reasonably be questioned if any of them made rulings in the case. Whatever may be the reason a judge announces that he or she must refrain from judging a case, any rulings by that judge in that case will appear to a disinterested person as being potentially tainted by bias no matter which way the rulings go. This is so even where the direction of the bias may seem obvious, as where the judge has a family relationship with a party. When a judge is thought to have a bias in favor of one party, that party may still seek recusal out of concern that the judge, "in an effort to avoid any possible appearance of partiality, might bend over backward in favor of the other side." 13D Charles Alan Wright et al., Federal Practice and Procedure § 3553, at 159 (3d ed. 2008) (citing *Pashaian v. Eccelston Props., Ltd.*, 88 F.3d 77, 83 (2d Cir. 1996)).

¶16 We follow other courts in adopting a bright line rule: once a judge has recused, the judge should take no other action in the case except for the necessary ministerial acts to have the case transferred to another judge. On this ground, we conclude the two orders entered by Judge Cook after recusing—the order denying the County's motion for

reconsideration and the order granting sanctions—must be reversed.

¶17 The County contends that the proper remedy is to reverse not only the orders Judge Cook entered after she recused but also her earlier order granting the motions to quash the subpoenas. This order was entered before recusal but after Judge Cook became aware of Waldal's allegations involving the county commissioners.

¶18 The test for recusal is an objective one under either the appearance of fairness doctrine or the Code of Judicial Conduct. *Meredith*, 148 Wn. App. at 903. Judges must disqualify themselves from hearing a case if they are actually biased against a party or if their impartiality may reasonably be questioned. *Meredith*, 148 Wn. App. at 903. The presence in the lawsuit of personal allegations involving the county commissioners was the reason given by all the judges for their decision to recuse. An objective person might reasonably question whether Judge Cook's rulings, from the point at which she became aware of those allegations, were affected by those allegations. For this reason, the order quashing the subpoenas will also be reversed.

¶19 Whether the motions by Waldal that led to the orders may be renewed in further proceedings is an issue not briefed by the parties, and we do not address it.

¶20 The orders quashing subpoenas, denying reconsideration, and granting sanctions are reversed. The orders granting summary judgment and injunctive relief are affirmed.

¶21 The remainder of this opinion has no precedential value. Therefore, it will not be published but has been filed for public record. *See* RCW 2.06.040; CAR 14.

GROSSE and SPEARMAN, JJ., concur.