# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON, )
                       )
           Respondent, )
                       )
           v. )
                       )
GENE A. CAMARATA, )
                       )
           Appellant. )
                       )

No. 68063-3-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: July 29, 2013

APPELWICK, J. — Camarata argues that a judge, subject to an affidavit of prejudice at trial, lacked the authority to sign a judgment and sentence on remand from his first appeal. He argues the sentencing court abused its discretion in imposing discretionary legal financial obligations in the original sentencing. The challenge to those fees is not properly before this court. We vacate the order striking portions of the judgment and sentence and remand for reentry before another judicial officer.

## FACTS

Gene Camarata was charged with 34 crimes and his case was assigned to Judge Michael Cooper. On March 6, 2008, Camarata filed an affidavit of prejudice requesting Judge Cooper's recusal. After Judge Cooper recused himself, Judge C. James Lust presided over the subsequent hearing.

Camarata pleaded guilty to one count of misdemeanor telephone harassment and one count of witness tampering. On June 26, 2008, Judge Lust imposed a sentence including jail time, a probation condition requiring Camarata to shut down his websites, and $1,400 in costs and fees.

Camarata appealed, asserting that the condition requiring him to shut down his websites and domains was not statutorily authorized and infringed on constitutionally

protected speech. State v. Camarata, noted at 152 Wn. App. 1042, 2009 WL 3352433, at *1. We accepted the State's concession that the condition was not statutorily authorized and remanded for the sentencing court to strike it. Id. On remand, Judge Cooper signed an order striking certain portions of the judgment and sentence consistent with our opinion. Camarata, due to his homeless status, could not be found and was not informed of this court's opinion.

About two years later, Camarata was informed of the status of the case and filed a notice of appeal. This court granted his motion to enlarge the time to file the notice.

## DISCUSSION

Camarata argues Judge Cooper signed the order amending judgment and sentence after recusal from the case, when he no longer had authority. He also contends the sentencing court erred in imposing discretionary fees and costs because he was in financial difficulty.

Judicial recusal as a result of a motion of prejudice is governed by RCW 4.12.040 and RCW 4.12.050. Judges may not hear or try proceedings when it has been established that the judge is prejudiced against a party or attorney. RCW 4.12.040(1). Any party or attorney may establish prejudice by motion, supported by an affidavit. RCW 4.12.050(1). The motion must be made before the judge has made any discretionary order or ruling. Id. After recusal, the statute permits the parties to stipulate in writing that the recused judge may rule on specified matters. Id.

After Camarata timely filed an affidavit of prejudice, Judge Cooper recused himself. In Skagit County v. Waldal, we adopted "a bright line rule: once a judge has recused, the judge should take no other action in the case except for the necessary

2

ministerial acts to have the case transferred to another judge." 163 Wn. App. 284, 288, 261 P.3d 164 (2011). Judge Cooper did not have authority to enter the order striking parts of the judgment and sentence.

Camarata also challenges the sentencing court's imposition of discretionary fees and costs. On June 26, 2008, Judge Lust entered a judgment and sentence that included $1,400 in legal financial obligations. It further ordered Camarata to shut down all existing websites and domains within 30 days. When Camarata appealed, he challenged only the website condition. Camarata, 2009 WL 3352433, at *1. We accepted the State's concession that there was an insufficient record to support imposing the condition and remanded with directions to strike it. Id. On remand, there was no hearing. Judge Cooper did not reconsider the imposition of legal financial obligations and no other issues were raised.

On remand, an issue becomes appealable only if the trial court exercises its independent judgment to review and rule again. State v. Barberio, 121 Wn.2d 48, 50, 846 P.2d 519 (1993); see also State v. Parmelee, 172 Wn. App. 899, 905, 292 P.3d 799 (2013) (discussing Barberio). In Barberio, the defendant did not challenge his exceptional sentences on appeal. 121 Wn.2d at 49. At resentencing, he challenged for the first time the aggravating factors supporting his original exceptional sentence. Id. The trial court declined to address the issue, and imposed the same exceptional sentence as before. Id. at 50. The appellate court then properly denied review of the exceptional sentence issue, because the trial court declined to independently review it and rule again. See id.

This case presents the same issue. The issue of discretionary fees was a clear and obvious issue which could have been decided in the first appeal and was not reviewed on remand. See id. at 52. Camarata's challenge is not properly before the court.[1]

We vacate the order striking portions of the judgment and sentence and remand for reentry before another judicial officer.

_Applewick, J_

WE CONCUR:

_Spearman, A.C.J._                    _Becker, J._

---

[1] Even if this issue was properly before the court, we would still affirm. Where the trial court does not issue any findings on Camarata's ability to pay the discretionary fees, this court is required to review only whether the trial court took the defendant's financial resources into account. State v. Calvin, No. 67627-0-I, 2013 WL 2325121, at *11 (Wash. Ct. App. May 28, 2013). Here, the sentencing court made the appropriate inquiries.