# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

IN RE THE MARRIAGE OF:

ROBIN MAELEE HITZ,

        Respondent

v.

ERIC JAMES HITZ,

        Appellant.

No. 71413-9-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: June 15, 2015

SPEARMAN, C.J. — Eric Hitz challenges trial court orders effectuating the provisions of a dissolution decree. He contends that the trial court "lost jurisdiction" over the case and had no authority to enter subsequent orders after the trial judge disqualified himself from the case based on a conflict of interest. But in making this argument, Hitz misrepresents the relevant facts. Furthermore, no authority supports Hitz's claim that the dissolution case became a new proceeding for purposes of the statutory entitlement to a change of judge when the bankruptcy court lifted a stay and allowed the dissolution to proceed. We affirm.

## FACTS

In 2010, Robin Hitz petitioned the Whatcom County Superior Court to dissolve her marriage to Eric Hitz. While married, the parties owned and operated a business and the Bank of the Pacific (Bank) was the major creditor. At least twice during the dissolution trial, the trial court judge, Judge Ira Uhrig, disclosed the existence of a

relationship between a business owned by his family and the Bank. The parties waived any potential conflict of interest and proceeded with the trial. After a nine-day trial, the court entered final orders dissolving the marriage. The decree assigned to Robin the task of liquidating the community assets and paying the debts owed.[1] The proceeds were then to be equally divided. The dissolution court retained authority to hear any disputes that arose during the process of liquidation.

In the months that followed, Robin filed several motions seeking to force Eric to cooperate with the liquidation process set forth in the decree. In connection with a dispute regarding the disbursement of funds from the sale of the marital home, Eric's parents filed a separate lawsuit against Robin and Eric in 2012. They raised claims based on an unsecured promissory note.

In April 2012, the court held a hearing for the purpose of entering an agreed order disbursing the sale proceeds. The agreed order designated funds to Eric's parents in satisfaction of the judgment entered in their 2012 lawsuit, funds to the Bank and the remaining funds to the parties in equal amounts.

At this hearing, the court also discussed a letter received the previous day from Eric's counsel, inquiring about whether the court would recuse itself from the post-trial dissolution proceedings.[2] Judge Urhig acknowledged that he had previously voluntarily disqualified himself in the 2012 case filed by Eric's parents because of the Bank's interest and potential involvement in that case. The judge explained, however, that he now believed his disqualification in that case had been unnecessary in light of a recent

---

[1] Because the parties share a surname, we refer to the parties by their first names for clarity.

[2] Although Eric's brief purports to reproduce his former counsel's letter, this document is not included in the record on appeal.

2

judicial ethics opinion and his lack of any financial interest in the outcome. With respect to the dissolution, the judge noted that he disclosed the relationship with the Bank, the parties waived any potential conflict, and no relevant facts had changed. The court ruled there was no need for disqualification.[3] The court then signed the parties' agreed order without objection.

Eric filed two motions after this hearing seeking Judge Uhrig's recusal. He also filed an affidavit of prejudice. He argued that the voluntarily disqualification in his parents' 2012 lawsuit required recusal in all related cases, including his own previously filed dissolution. Eric did not note his motions for a hearing.

In August 2013, after a significant delay caused by Eric's bankruptcy filing and resulting stay of the proceedings, the court heard a motion for attorney fees based on Robin's previous request and a motion for restraining orders. Shortly before the hearing, Eric filed a second affidavit of prejudice against Judge Uhrig. The court summarily denied the affidavit. The court granted Robin's motion, awarded approximately $18,000 in attorney fees to her and entered restraining orders against Eric. The court denied Eric's motion for reconsideration and imposed $5,000 in sanctions against Eric under CR 11. He appeals.

## DISCUSSION

As a preliminary matter, we note that in order to comply with the Rules of Appellate Procedure (RAP), an appellant's brief must contain "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6). In this case, Eric's legal arguments are based on assertions of facts that are largely unsupported by any reference to the

---

[3] The court also explained its reasoning in a letter emailed to the parties.

record. Some of the facts he cites are supported by inaccurate citations, or worse, plainly belied by the record. Nevertheless, despite these deficiencies, the record on appeal provides us with sufficient factual background to allow us to resolve Eric's substantive claims.

Eric asserts that there is "no dispute" that Judge Uhrig "voluntarily recused or disqualified himself from the Hitz dissolution" and thereby "lost jurisdiction" in the case. Brief of Appellant at 1, 15. He cites the following language from our decision in Skagit County v. Waldal, 163 Wn. App. 284, 288, 261 P.3d 164 (2011): "once a judge has recused, the judge should take no other action in the case except for the necessary ministerial acts to have the case transferred to another judge." In Waldal, a Skagit County Superior Court judge entered an order quashing subpoenas. Then, after all the judges on that court recused themselves from the case, the initial judge entered two further orders.

Eric's assertion of law is correct as far as it goes, but the argument mischaracterizes the record. It is abundantly clear from the record and from portions of Eric's own briefing on appeal and his motions below that the trial judge did not, in fact, recuse himself in the Hitz dissolution proceeding.[4] In fact, the judge expressly declined to do so. Waldal is wholly inapposite. Eric fails to establish that the trial court lacked authority to enter the order denying his motion for reconsideration or any other post-trial order.

Eric also claims that the trial court erred in dismissing his August 2013 affidavit of prejudice. RCW 4.12.050 allows parties to obtain a new judge by filing a motion and

---

[4] To the extent Eric contends for the first time in his reply brief that his waiver of the potential conflict of interest at trial was invalid, we do not consider the argument. See Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

affidavit of prejudice before the assigned judge makes any discretionary rulings in the case. RCW 4.12.050 precludes a party from making "more than one such [recusal] application in any action or proceeding under this section. . . ." RCW 4.12.050(1). Thus, the statute does not compel a change of judge when the motion is untimely or when a party submits a second motion. Rhinehart v. Seattle Times Co., 51 Wn. App. 561, 578-79, 754 P.2d 1243 (1988).

Eric contends that, as a result of the bankruptcy court's order granting relief from the automatic stay and allowing the liquidation of property identified in the dissolution decree, the Whatcom County post dissolution proceedings were "new" for purposes of RCW 4.12.050 and he was entitled to a change of judge under the statute. Eric cites State ex rel. Mauerman v. Superior Court, 44 Wn.2d 828, 271 P.2d 435 (1954). In that case, the Washington Supreme Court held that a petition to modify the custody provisions of a dissolution decree was a new proceeding within the meaning of Washington statutes that entitle litigants to one change of judge. Therefore, the mother in that case had a right to file an affidavit of prejudice and thereby disqualify the judge who had presided over the dissolution.

This case does not involve a modification action. No party filed any petition that changed the nature or objective of the ongoing proceedings. Eric cites no authority supporting the position that an order granting relief from a bankruptcy stay creates a new proceeding for purposes of RCW 4.12.050.

The assigned judge made numerous discretionary rulings before Eric filed his affidavit in August 2013. And in July 2012, more than a year earlier, Eric had filed an affidavit of prejudice. The court did not err.

Finally, we reject Eric's request for fees incurred on appeal. He presents no argument or authority in support of such a request and his claims plainly fail.

Robin asks this court to award her attorney fees on appeal and to impose sanctions under RAP 18.9(a) and CR 11. An award of attorney fees on appeal is authorized by CR 11 where sanctions have been imposed in the trial court pursuant to that rule, as responding to the appeal "could reasonably be viewed as a cost of collecting the judgment" entered by the trial court. Skilcraft Fiberglass, Inc. v. Boeing Co., 72 Wn. App. 40, 48, 863 P.2d 573 (1993), abrogated on other grounds by Morin v. Burris, 160 Wn.2d 745, 161 P.3d 956 (2007). RAP 18.9 also authorizes this court to award sanctions against a party who uses the Rules of Appellate Procedure for the purposes of delay, files a frivolous appeal, or fails to comply with the Rules of Appellate Procedure. An appeal is frivolous if we are convinced that it presents no debatable issues on which reasonable minds could differ and is so lacking in merit that there is no possibility of reversal. In re Marriage of Foley, 84 Wn. App. 839, 847, 930 P.2d 929 (1997). A civil appellant has a right to appeal under RAP 2.2, and all doubts as to whether the appeal is frivolous should be resolved in favor of the appellant. See Streater v. White, 26 Wn. App. 430, 434-35, 613 P.2d 187 (1980). Given the factual record, there is no debatable basis for arguing that the trial judge lacked authority to enter orders in this proceeding and no relevant legal authority supports Eric's claim that the bankruptcy court's action instigated a new proceeding. The appeal is frivolous. Exercising our discretion, we do not impose additional sanctions but award Robin attorney fees and costs subject to her compliance with RAP 18.1(d).

Affirmed.

_Spearman, C.J._

WE CONCUR:

_Dwyer, J._                     _Appelwick, J._