IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Estate of:<br><br>ANGELA ELAINE NOWELL,<br><br>       Deceased,<br><br>DEBORAH OSBORNE,<br><br>       Appellant,<br><br>     v.<br><br>EL-FATIH PAUL NOWELL,<br><br>       Respondent. | No. 88154-0-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

CHUNG, J. — Deborah Osborne challenges the superior court's order denying her motion to vacate the commissioner's appointment of El-Fatih Paul Nowell as administrator of the estate of his deceased wife. Osborne argues that the superior court erred because probate was already open in a different county and no motion to change venue was filed in that action. Osborne offers no tenable basis to vacate the appointment. We therefore affirm.

FACTS

Angela Elaine Nowell, a resident of King County, died intestate on November 6, 2020. She was survived by her husband El-Fatih Paul Nowell and her sister Deborah Osborne.

On May 23, 2024, Osborne, representing herself, filed a petition in King County Superior Court to be appointed the administrator of Angela's estate.[1] Osborne listed herself as Angela's only legal heir. However, Angela's death certificate indicated that Angela was married and listed Nowell as the surviving spouse. On May 24, 2024, the court denied Osborne's petition without prejudice.

A hearing on the matter took place on September 30, 2024. Representing himself, Nowell objected to Osborne's petition. Over Osborne's objection, the King County Superior Court commissioner continued the hearing until October 14, 2024, to allow Nowell to file and serve a written response to Osborne's petition.

Nowell then retained counsel and filed a petition in Pierce County Superior Court to be appointed administrator of Angela's estate. A Pierce County Superior Court commissioner entered an order appointing Nowell to serve as administrator, and on October 7, 2024, the Pierce County Superior Court issued letters of administration.

On October 14, 2024, Nowell and Osborne appeared at the scheduled hearing before the King County Superior Court commissioner. On October 15, 2024, the King County Superior Court commissioner entered an order denying Osborne's petition because Nowell had been appointed administrator of the estate by the Pierce County Superior Court and "this court cannot modify that order and cannot appoint a 'second' administrator." A King County Superior

---

[1] For clarity, we refer to Angela Nowell by her first name as she shares a last name with her surviving spouse, El-Fatih, whom we refer to as Nowell.

Court judge denied Osborne's motion for revision of the commissioner's order. Osborne appealed to this court.

On October 18, 2024, Osborne filed a motion and supporting declaration in Pierce County Superior Court objecting to Nowell's appointment "due to physical & financial abuse of a Vulnerable Adult." Osborne attached a copy of a complaint she filed against Nowell three years after Angela's death alleging vulnerable adult abuse under chapter 74.34 RCW. In response, Nowell argued that the superior court properly appointed him as administrator of his wife's estate and Osborne's unproven allegations did not justify removal. In reply, Osborne argued that Nowell petitioned for appointment in Pierce County to avoid facing her abuse allegations at the hearing set before the King County Superior Court commissioner on October 14, 2024. She further argued that probate was filed first in King County and should be void in Pierce County.

Osborne then filed a motion in Pierce County Superior Court to vacate Nowell's letters of administration on the ground that Nowell filed his petition without moving to change the venue of the probate from King County. Following a hearing on December 13, 2024, a commissioner denied Osborne's motion. Osborne moved for revision of the commissioner's order. A Pierce County Superior Court judge denied the motion and confirmed Nowell's appointment as administrator.

Osborne timely filed this appeal in Division Two of this court, which transferred the appeal to Division One. A commissioner of this court linked this appeal of the Pierce County Superior Court's order on revision with the appeal

3

from the King County order. While the appeal was pending, Osborne filed numerous motions, objections, and requests for relief. A commissioner of this court referred many of Osborne's filings to the panel for consideration.

DISCUSSION

In this appeal, Osborne challenges the Pierce County Superior Court's January 10, 2025, order denying her motion for revision of the Pierce County Superior Court commissioner's December 13, 2024, order denying Osborne's motion to vacate Nowell's letters of administration. As a preliminary matter, we note that self-represented appellants are bound by the same procedural rules and substantive laws as attorneys. Holder v. City of Vancouver, 136 Wn. App. 104, 106, 147 P.3d 641 (2006). We need not consider arguments that a party does not support with references to the record, meaningful analysis, or citation to pertinent authority. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

I. Motion for Revision

A court commissioner's decision is subject to revision by the superior court. RCW 2.24.050. On a motion for revision, the superior court reviews the commissioner's ruling de novo based on the evidence and issues presented to the commissioner. RCW 2.24.050; In re Marriage of Moody, 137 Wn.2d 979, 992-93, 976 P.2d 1240 (1999). "[T]he findings and orders of a court commissioner not successfully revised become the orders and findings of the superior court." Maldonado v. Maldonado, 197 Wn. App. 779, 789, 391 P.3d 546 (2017). On appeal, "we review the superior court's decision, not the

4

commissioner's order." In re Knight, 178 Wn. App. 929, 936, 317 P.3d 1068 (2014).

A person who is not an in-state resident may be appointed as personal representative "if [they] appoint[] an agent who is a resident of the county where such estate is being probated . . . , upon whom service of all papers may be made." RCW 11.36.010(6). RCW 11.28.030 entitles a surviving spouse to administer community property unless otherwise disqualified. Corporations, minors, persons of unsound mind, or persons who have been convicted of any felony or of a misdemeanor involving moral turpitude are disqualified to act as personal representatives. RCW 11.36.010(1). Nowell, a resident of the state of Georgia, appointed his attorney as his resident agent and filed the appointment with the court. Osborne presented no evidence establishing that Nowell was disqualified to serve as administrator or that his appointment was otherwise improper.

Instead, Osborne argues that the trial court erred by denying her motion for revision because Nowell did not seek or obtain a change of venue from King County to Pierce County. She contends that King County Superior Court controlled the proceedings because the probate case and the separate complaint for vulnerable adult abuse were filed there first. She further contends that Nowell unlawfully filed for appointment as administrator of his wife's estate in Pierce County while knowing her probate petition was pending in King County, with a hearing scheduled for October 14, 2024. Osborne is incorrect.

5

Venue in a probate proceeding "must be in any county in the state of Washington that the petitioner selects." RCW 11.96A.050(4). "Once letters testamentary or of administration have been granted in the state of Washington, all orders, settlements, trials, and other proceedings under this title must be had or made in the county in which such letters have been granted unless venue is moved as provided in subsection (4) of this section." RCW 11.96A.050(5). Here, the King County Superior Court commissioner did not grant Osborne's petition to appoint an administrator, so no letters of administration were issued in the King County matter. And nothing in the King County Superior Court commissioner's September 30, 2024, continuance order precluded Nowell from filing his own probate action in a different county. Venue was properly established in Pierce County. Accordingly, there was no need for a change of venue from King County to Pierce County.

Osborne also argues that the trial court erred in failing to recognize that Nowell "had no defense" because he did not file a written objection to her motion for revision. She contends that she was denied due process because the Pierce County Superior Court ruled in Nowell's favor and "gave no recognition to her records and pleadings." But a motion for revision "shall be upon the records of the case, and the findings of fact and conclusions of law entered by the court commissioner." RCW 2.24.050; see also Pierce County Super. Ct. Local Rule 7(a)(12) ("[T]he moving party shall provide the reviewing court copies of all documents submitted by all parties that were considered by the Court Commissioner in making the decision sought to be revised."). The trial court did

not err in considering Osborne's motion for revision without a hearing based upon the record before the commissioner.[2]

In her reply brief, Osborne alleges "procedural disparities and due process concerns" regarding this court's rulings on motions filed by both parties. This court does not consider issues raised for the first time in the reply brief. Grange Ins. Ass'n v. Roberts, 179 Wn. App. 739, 771, 320 P.3d 77 (2013). To the extent Osborne's arguments raised in reply are substantially similar to claims she raised in numerous motions she filed in this court while the appeal was pending, we consider and address them below.

II. Motions Referred to the Panel

On August 13, 2025, Osborne objected to the clerk/administrator's August 12, 2025, ruling granting Nowell's first motion for extension of time to file his brief of respondent. On August 27, 2025, Osborne moved to disqualify the panel assigned to this case. On August 29, 2025, a commissioner of this court ruled that Osborne's filings would be placed in the file until briefing was complete and a panel was been assigned, at which point Osborne's filings would be referred to the panel considering the merits of the appeal.

On September 8, 2025, Osborne filed a "renewed motion to compel ruling on pending motions, clarify procedural status, strike respondent's improper extension, and preserve due process rights." Therein, Osborne appeared to

---

[2] Osborne also asserts that the verbatim report of proceedings contained inaccurate information. But she provides no evidence or analysis in support of this claim, so we do not consider it further. See Holland v. City of Tacoma, 90 Wn. App. 533, 538, 954 P.2d 290 (1998) ("Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration.").

challenge the commissioner's July 16, 2025, ruling linking Osborne's appeals, the clerk/administrator's August 12, 2025, ruling extending time, and the commissioner's August 29, 2025, ruling referring Osborne's previous filings to the panel. On September 11, 2025, Osborne filed a letter requesting immediate action to correct the alleged procedural "disparities," based on her belief that the court was treating her differently from Nowell. On September 22, 2025, a commissioner of this court referred Osborne's pending motions to the panel considering this appeal. On September 23, 2025, Osborne then filed a motion "to hold appeal in abeyance due to pending constitutional concerns and unequal procedural treatment."

On September 25, 2025, the commissioner granted Nowell's motion for a second extension of time to file his brief. On September 30, 2025, Osborne filed a motion to "strike" Nowell's "improper streamlined request for extension of time to file," "strike" Nowell's "untimely" brief, and to "ensure procedural fairness by enforcing the rules of appellate procedure uniformly." Nowell opposed the motion. In reply, Osborne asked this court to sanction Nowell for misconduct under RAP 18.9(a) and for an award of costs under RAP 14.2. On October 9, 2025, the commissioner denied Osborne's September 23, 2025, motion "to hold appeal in abeyance."

A. Motions to Modify

To the extent Osborne's filings appear to challenge a commissioner or clerk/administrator's ruling, we treat them as motions to modify under RAP 17.7. This category includes Osborne's objections or motions relating to the rulings

8

entered on July 16, 2025, August 12, 2025, August 29, 2025, September 22, 2025, September 25, 2025, and October 9, 2025.

RAP 17.7 allows an aggrieved party to file a motion to modify a commissioner's or clerk's ruling. "An appellant who makes a motion to modify pursuant to RAP 17.7 receives, as a matter of right, de novo review of the commissioner's ruling by a 3-judge panel." State v. Rolax, 104 Wn.2d 129, 133, 702 P.2d 1185 (1985). We have considered Osborne's motions to modify under RAP 17.7 and have determined that they should be denied. We now turn to Osborne's remaining motions.

B. Motion To Disqualify Panel

Osborne moved to disqualify the panel assigned to this case, arguing that her motions have been ignored in violation of her due process rights and the appearance of fairness doctrine. We disagree.

"Under the appearance of fairness doctrine, a judicial proceeding is valid only if a reasonably prudent and disinterested person would conclude that all parties obtained a fair, impartial, and neutral hearing." In re Marriage of Meredith, 148 Wn. App. 887, 903, 201 P.3d 1056 (2009). "Evidence of a judge's actual or potential bias is required to establish a violation." Skagit County v. Waldal, 163 Wn. App. 284, 287, 261 P.3d 164 (2011). Contrary to Osborne's apparent assumption, the panel hearing this appeal had not yet been assigned at the time she moved to disqualify it. Osborne offers no evidence of actual or potential bias. And the case files do not support Osborne's claims of procedural unfairness toward a self-represented litigant. "The fundamental requirement of due process

9

is the opportunity to be heard 'at a meaningful time and in a meaningful manner.' " Mathews v. Eldridge, 424 U.S. 319, 333 (1976) (quoting Armstrong v. Manzo, 380 U.S. 545, 552 (1965)). Osborne received the process to which she was entitled. Her disagreement with this court's rulings does not establish a due process violation. We deny Osborne's motion to disqualify the panel.

C. Motion to Strike

Osborne moved to strike Nowell's brief of respondent on the ground that it was untimely. But Nowell's motions for extension of time to file his brief were granted, and we have denied Osborne's motions to modify those rulings, see above, so his brief was not untimely. Therefore, we deny the motion to strike.

D. Motion for Sanctions and Costs

Osborne asks this court to impose RAP 18.9(a) sanctions on Nowell. RAP 18.9(a) gives the appellate court the authority to order a party who files a frivolous appeal to pay damages, including an award of attorney fees. Kinney v. Cook, 150 Wn. App. 187, 195, 208 P.3d 1 (2009). None of Nowell's filings was frivolous or otherwise improper, so we deny Osborne's request.

Osborne also requests an award of costs under RAP 14.2. Generally, "the party that substantially prevails on review" will be awarded appellate costs, unless the court directs otherwise in its decision terminating review. RAP 14.2. Osborne does not prevail in this appeal or in any of the motions discussed herein, so she is not entitled to an award of costs.

III. <u>Attorney Fees</u>

Nowell requests reasonable attorney fees and costs on appeal under RAP 18.1(a) and RCW 11.96A.150. We may grant an award of costs and reasonable attorney fees on appeal to a party that requests it in its opening brief as long as applicable law provides for such an award. RAP 18.1(a), (b). RCW 11.96A.150 provides that a reviewing court may award costs and fees in such amount it determines to be equitable to any party, from any party or estate assets that are the subject of these proceedings. We exercise our discretion and award reasonable attorney fees and costs to Nowell under RCW 11.96A.150 subject to compliance with RAP 18.1.[3]

CONCLUSION

We affirm.

_____
Chung, J.

WE CONCUR:

_____               _____
Birk, J.                                                      Smith, J.

---

[3] Nowell also asserts that Osborne's opposition to his appointment as administrator was frivolous, not well grounded in either fact or law, and interposed for purposes of harassment in violation of CR 11. Given our award of fees to Nowell under RCW 11.96A.150, we need not address this argument.