[No. 59741-3.   Department Two.   March 4, 1993.]

THE STATE OF WASHINGTON, *Respondent*, v. ANTHONY BEN BARBERIO, *Petitioner*.

*Michael P. Iaria* and *Nance, Iaria & Gombiner,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Brenda L. Bannon, Deputy,* for respondent.

PER CURIAM. — Defendant was convicted of second degree rape and third degree rape. The trial court imposed exceptional sentences of 72 months and 28 months respectively. Defendant did not challenge the exceptional sentences on appeal. In an unpublished opinion, the Court of Appeals reversed the third degree rape conviction and affirmed the second degree rape conviction. *State v. Barberio,* noted at 57 Wn. App. 1070, *review denied,* 115 Wn.2d 1010 (1990).

On remand the State elected not to retry the third degree rape charge. At resentencing defendant challenged the aggravating factors found by the court in the first sentencing. Defendant also contended that the reduction of the offender's score and standard range, resulting from elimination of the third degree conviction, mandated a proportionate reduction

in the exceptional sentence for the second degree charge. How the trial court dealt with those challenges will be outlined hereafter, but the same exceptional sentence of 72 months was imposed.

Defendant again appealed. The State moved to dismiss the appeal in its entirety because defendant had not challenged the exceptional sentences in the first appeal. The Court of Appeals ruled: "We grant the State's motion as to those issues which could have been raised in the first appeal, and deny the motion as to those issues which could not have been raised at that time. We affirm the exceptional sentence imposed at the resentencing hearing." *State v. Barberio*, 66 Wn. App. 902, 903, 833 P.2d 459 (1992). We grant limited review to clarify the rationale which leads to dismissal, but reaching the same conclusion, we affirm.

To warrant dismissal of the part of the appeal challenging the exceptional sentence for the first time, the Court of Appeals relied solely on *State v. Sauve*, 100 Wn.2d 84, 666 P.2d 894 (1983).

The applicable rule, not cited by the Court of Appeals, is RAP 2.5(c)(1), which states:

> If a trial court decision is otherwise properly before the appellate court, the appellate court may at the instance of a party review and determine the propriety of a decision of the trial court even though a similar decision was not disputed in an earlier review of the same case.

■■ This rule does not revive automatically every issue or decision which was not raised in an earlier appeal. Only if the trial court, on remand, exercised its independent judgment, reviewed and ruled again on such issue does it become an appealable' question. The advisory committee on Rules of Appellate Procedure explained:

> The trial court may exercise independent judgment as to decisions to which error was not assigned in the prior review, and these decisions are subject to later review by the appellate court. . . .

2 L. Orland & K. Tegland, Wash. Prac., *Rules of Practice* 481 (4th ed. 1991).

Clearly the rule is permissive for both the trial court and the appellate court. It is discretionary for the trial court to decide whether to revisit an issue which was not the subject of appeal. If it does so, RAP 2.5(c)(1) states that the appellate court *may* review such issue.

In *State v. Sauve, supra,* this court declined to consider on a second appeal issues that could have been presented in a prior appeal but were not. It is significant that there the issues were not considered by the trial court on remand. In fact, the Court of Appeals in *Sauve* recognized that RAP 2.5(c)(1) would have applied in that case if the issues had been considered and decided anew on remand. *State v. Sauve,* 33 Wn. App. 181, 183 n.2, 652 P.2d 967 (1982).

The deciding fact then is whether the trial court in this case did in fact independently review, on remand, the exceptional sentence imposed for second degree rape. We conclude that the trial court did not exercise its independent judgment to review and reconsider its earlier sentence. It made only corrective changes in the amended judgment and sentence. It properly noted that it was dealing with a single conviction rather than two; it correctly reduced the standard range. It correctly eliminated defendant's future dangerousness as an aggravating factor. *See State v. Pryor,* 115 Wn.2d 445, 799 P.2d 244 (1990).

More importantly, the trial court made clear in its oral ruling that it was not considering anew its prior exceptional sentence as to the count which was affirmed. The judge said:

> So as far as I'm concerned, I really don't know why it would be necessary for me to revisit the issue of the sentence that the Court imposed on Count I since the Court imposed the sentence on each count separately and makes a determination separately as to each count. It seems to me that if there was to be an appeal with regard to the Court's exceptional sentence in Count I, that that appeal should have been made at the time of the original appeal, not today because there hasn't been anything changed between then and now.

The court went on to permit new counsel to argue his position, but observed

> I'm not sure that you even are properly before the Court for a resentencing on Count I since nothing has changed with regard

to Count I since the matter was sentenced before. There's nothing in the Court of Appeals decision that I see that impacts Count I.

Further, "[n]othing has really changed in the Court's view of the evidence in this case since the last time it reviewed this." Transcript, at 3-4, 35 (Jan. 25, 1991).

This case well illustrates the necessity of the rule which denies review at this late stage. The issue presented was a clear and obvious issue which could have been decided in 1990 in the first appeal. Instead of a timely and orderly proceeding to determine the matter on the merits, the State, the Court of Appeals, a department of this court, and allied staff, have had to deal with a procedural morass, all of which could have been avoided had the matter been raised when it should have been in the first appeal. In the interest of judicial economy, already too much wasted, we hereby affirm the Court of Appeals without further proceedings.

Reconsideration denied March 30, 1993.