# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,  )
                                       )      DIVISION ONE
            Respondent,  )
                                         )      No. 69462-6
                v.  )
                                         )      UNPUBLISHED OPINION
ELIJA ALLEN DOSS,  )
                                         )
            Appellant.  )      FILED: March 10, 2014
_____ )

      DWYER, J. — Elija Doss appeals from the superior court's order amending his judgment and sentence entered following remand. In a previous appeal, we affirmed Doss's convictions but remanded the cause to the superior court to correct Doss's sentence so as not to exceed the applicable statutory maximum. At the remand hearing, Doss challenged, for the first time, the trial court's calculation of credit for time served granted at his sentencing. Doss argues in this appeal that the trial court erred by denying his request for additional credit. Because the trial court did not exercise independent judgment in complying with the remand order, Doss's appeal presents no reviewable claim of error. We affirm.

I

      In April 2010, Doss pleaded guilty to three counts of domestic violence felony violation of a court order. The trial court sentenced Doss to concurrent 60-

month terms of confinement and also imposed a community custody term of 12 months. The trial court additionally gave Doss 166 days of credit for time he served in jail prior to sentencing. Doss did not raise any objections to this calculation at the sentencing hearing.

Doss appealed the judgment and sentence to this court. State v. Doss, noted at 168 Wn. App. 1048, 2012 WL 2377816, at *1. We affirmed the convictions, but determined that the combined terms of incarceration and community custody exceeded the five-year statutory maximum. Doss, 2012 WL 2377816, at *1. As a result, we remanded the cause to the trial court to correct Doss's sentence by either amending the community custody term or resentencing Doss consistent with applicable statutory authority. Doss, 2012 WL 2377816, at *1.

At the hearing on remand, Doss attempted to challenge, for the first time, the trial court's award of credit for time served. He argued that he was entitled to 20 additional days of credit for time he spent participating in King County's Community Center for Alternative Programs (CCAP). He also sought 5 additional days of credit for time served in jail prior to sentencing. The trial court refused to address or rule on this issue. The court noted that, in his first appeal, Doss could have challenged the court's credit award, but that he did not do so.

In its order amending the judgment and sentence, the trial court struck Doss's term of community custody and ordered that all other sentence conditions remain in full effect.

Doss appeals.

II

Doss asserts that the trial court on remand erred by failing to grant his request for additional credit. In so contending, Doss argues that applicable statutory authority entitles him to credit for the 20 days he participated in CCAP and for the 5 days he served in jail before sentencing. Because this claim of error is not properly before us, we will not consider the merits of Doss's contention.

Generally, a defendant is barred from raising issues in a subsequent appeal that were or could have been raised on a previous appeal. State v. Mandanas, 163 Wn. App. 712, 716, 262 P.3d 522 (2011). An exception to this rule is found in RAP 2.5(c)(1), which provides:

> If a trial court decision is otherwise properly before the appellate court, the appellate court may at the instance of a party review and determine the propriety of a decision of the trial court even though a similar decision was not disputed in an earlier review of the same case.

Under RAP 2.5(c)(1), an issue that was not raised in an earlier appeal becomes an "appealable question" only if "the trial court, on remand, exercised its independent judgment" to review and rule again on the issue. State v. Barberio, 121 Wn.2d 48, 50, 846 P.2d 519 (1993). Thus, the permissive language in RAP 2.5(c)(1) gives the trial court discretion whether to revisit an issue that was not the subject of an earlier appeal. Barberio, 121 Wn.2d at 51. Only if the trial court chooses to reconsider the issue can the appellate court decide whether to review the trial court's decision regarding that issue. Barberio, 121 Wn.2d at 51.

Doss is not entitled to review under RAP 2.5(c)(1). On remand, the trial

- 3 -

court expressly declined to consider Doss's challenge to his credit award. Instead, the court made corrective changes to reflect our previous decision regarding Doss's term of community custody. Thus, the trial court did not exercise its independent judgment in any way in complying with our order on remand. Accordingly, the question of whether Doss is entitled to additional credit is not a properly appealable issue.

Affirmed.

We concur: