COURT OF APPEALS DIV I
2014 JUN -2 AM 8: 39



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, )<br><br>Respondent, )<br><br>v. )<br><br>ROBERT T. WHEELER, )<br><br>Appellant. )<br>_____ )<br><br>In the Matter of the Personal Restraint of )<br><br>ROBERT T. WHEELER )<br><br>Petitioner. )<br>_____ ) | No. 71642-5-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br><br><br><br><br><br><br><br><br>FILED: June 2, 2014 |

APPELWICK, J. — Wheeler brings a direct appeal challenging the validity of his guilty plea. He also brings an untimely personal restraint petition arguing that newly discovered evidence reveals that the State delayed charging him until after his eighteenth birthday. We affirm Wheeler's direct appeal and dismiss his PRP.

## FACTS

On May 4, 2005, the State charged Robert Wheeler with one count of first degree child rape (Count I) and one count of first degree child molestation (Count II). The charges arose from an incident that occurred when Wheeler was 13 or 14, but did not come to

light until he was 17 and a half. The State charged him 36 days after his eighteenth birthday. Wheeler pleaded guilty to both counts.

On April 17, 2006, the trial court sentenced Wheeler under the Special Sex Offender Sentencing Alternative (SSOSA). The judgment and sentence listed the maximum sentence for child rape as "20yrs/$50,000" and child molestation as "10yrs/$20,000." The correct maximum sentence for such class A felonies, however, is life in prison and/or a $50,000 fine. RCW 9A.20.021(1)(a). The trial court sentenced him to a 131.75 month standard range sentence for child rape and an 89 month standard range sentence for child molestation, most of which was suspended.

Wheeler's judgment became final when the trial court filed it in 2006.

On September 11, 2009, the trial court revoked Wheeler's SSOSA sentence for noncompliance and ordered him to serve the remainder of his sentence in custody. During the revocation hearing, the trial court stated:

> Yeah. I remember this case, Mr. Wheeler, because I remember the State had waited until you were an adult to charge you. I don't think that was necessarily the fairest way to treat a 13-year old. Although maybe this didn't come to light. I think it still came to light when you were a minor.

Wheeler responded, "Yes."

Wheeler subsequently brought a personal restraint petition (PRP) seeking withdrawal of his guilty plea, because his judgment and sentence misstated the maximum sentences for both offenses. On July 3, 2012, this court concluded that, despite this error, the trial court did not exceed its statutory authority in sentencing Wheeler. Order Granting Pet. In Part, In re Pers. Restraint of Wheeler, No. 40489-3-II (Wash. Ct. App. July 3, 2012). Thus, based on In re Pers. Restraint of Coats, 173 Wn.2d 123, 143, 267 P.3d 324

(2011), Wheeler's judgment and sentence was not facially invalid. Wheeler, No. 40489-3-II, at 2-3. We accordingly held that Wheeler was not entitled to withdraw his guilty plea. Id. at 3. We then remanded to the trial court for the sole purpose of correcting the misstated maximum sentences in Wheeler's judgment and sentence. Id.

On October 12, 2012, the trial court entered an order correcting the judgment and sentence. The court wrote that "[p]age 2 of the Judgment and Sentence, Section 2.3 reflects the maximum term as 20 years/$50,000 for Count I and 10 years/$20,000 for Count II and should note a maximum term of Life/$50,000 for Count I and Life/$50,000 for Count II." The court corrected the judgment and sentence accordingly. It further ordered that "[a]ll other terms and conditions of the original Judgment and Sentence shall remain in full force and effect."

Wheeler filed a direct appeal from the trial court's order correcting the judgment and sentence. He also filed a personal restraint petition.[1]

## DISCUSSION

I.   Direct Appeal: Validity of Guilty Plea

In his direct appeal, Wheeler argues that his guilty plea was involuntary and invalid, because he was misinformed about the maximum sentence. He contends that under RAP 2.5(c)(1), we have discretion to consider this issue on appeal from remand, even though it was not the subject of an earlier appeal. He requests that we either review the merits of his claim or remand to the trial court with instructions to consider his claim.

---

[1] The direct appeal and the PRP were consolidated in Division II of this court. The consolidated case was then transferred to Division I.

Contrary to Wheeler's argument, RAP 2.5(c)(1) does not automatically revive every issue not raised in an earlier appeal. State v. Barberio, 121 Wn.2d 48, 50, 846 P.2d 519 (1993). Only if the trial court on remand exercised its independent judgment to review and rule on an issue does the issue become appealable. Id.; see also State v. Parmelee, 172 Wn. App. 899, 905, 292 P.3d 799 (2013), review denied, 177 Wn.2d 1027, 309 P.3d 504 (2013). It is discretionary for the trial court to decide whether to revisit an issue that was not the subject of appeal. Barberio, 121 Wn.2d at 51. However, this discretion is limited by the scope of the appellate court's mandate. State v. Kilgore, 167 Wn.2d 28, 42, 216 P.3d 393 (2009). For instance, in Barberio, the trial court on remand made only corrective changes to the amended judgment and sentence. 121 Wn.2d at 51. Therefore, there was no issue for the appellate court to review. Id. at 52. This rule promotes judicial economy and encourages timely appeals. Parmelee, 172 Wn. App. at 906.

In his previous PRP, Wheeler argued that he was entitled to withdraw his plea, because his judgment and sentence misstated the maximum sentence for both offenses. Wheeler, No. 40489-3-II, at 1. We held that, because "the trial court did not exceed its statutory authority in sentencing [Wheeler], despite its error in setting forth the maximum sentence, his judgment and sentence was not facially invalid."[2] Id. at 2-3. We concluded

---

[2] Our decision was based on Coats, in which the Washington Supreme Court held that a judgment and sentence is valid despite misstating the maximum sentence. Wheeler, No. 40489-3-II, at 2 (citing Coats, 173 Wn.2d at 125-26); see also In re Pers. Restraint of Toledo-Sotelo, 176 Wn.2d 759, 767, 297 P.3d 51 (2013) ("[W]e have held that where the sentencing court misstated the maximum sentence but actually handed down a sentence within the SRA-mandated sentencing range, the sentencing court acted within its statutory authority."). Wheeler does not ask us to reconsider our earlier decision under RAP 2.5(c)(2).

that Wheeler was thus not entitled to withdraw his plea, but remanded to the trial court to correct the error. Id. at 3.

On remand, the trial court entered an order solely correcting the identified error in the judgment and sentence. It took no other actions and considered no other issues. The trial court's discretion in reviewing new issues was limited by our mandate that the only purpose of remand was to correct the misstated maximum sentences. Because the trial court did not independently review and rule on the validity of Wheeler's guilty plea, there is no issue for us to review here. We therefore do not consider the validity of Wheeler's guilty plea in his direct appeal.[3]

## II.    Personal Restraint Petition: Newly Discovered Evidence

In a consolidated PRP, Wheeler argues that the State either intentionally or negligently delayed filing charges against him, which resulted in the prejudicial loss of juvenile jurisdiction. Because Wheeler was only 13 or 14 years old when he committed the offenses, his case would not have been automatically transferred to superior court under RCW 13.04.030(1)(e)(v)(C).

Wheeler's PRP is based on a claim of newly discovered evidence. Specifically, in 2013, Wheeler obtained documents via a public records request showing that the State originally drafted an information charging him in juvenile court. The State argues in

---

[3] In the alternative, Wheeler argues that his counsel was ineffective in failing to ask the sentencing court to exercise its discretion and consider the voluntariness of his guilty plea on remand. Defense counsel has no duty to pursue arguments, like the one Wheeler makes here, that appear unlikely to succeed. State v. Brown, 159 Wn. App. 366, 371, 245 P.3d 776 (2011). As such, Wheeler cannot show deficient performance or prejudice on remand. Id.

response that Wheeler's claim of preaccusatorial delay should be dismissed as untimely, because Wheeler failed to act with reasonable diligence in discovering the new evidence.

Generally, RCW 10.73.090 bars any PRP not filed within one year after final judgment. This one year time limit, however, does not apply to a PRP based solely on newly discovered evidence, so long as "the defendant acted with reasonable diligence in discovering the evidence and filing the petition." RCW 10.73.100(1). Under this rule, the defendant must show that the new evidence (1) will probably change the result of the trial; (2) was discovered since the trial; (3) could not have been discovered before trial by the exercise of due diligence; (4) is material; and (5) is not merely cumulative or impeaching. In re Pers. Restraint of Lord, 123 Wn.2d 296, 319-20, 868 P.2d 835 (1994). When one factor is absent, we need not consider whether the other factors are present. State v. Macon, 128 Wn.2d 784, 803-04, 911 P.2d 1004 (1996).

Wheeler turned 18 on March 29, 2005. The State then charged him 36 days later, on May 4, 2005. However, the filed information contained an original typewritten date of March 26, 2005, three days before Wheeler's birthday. This date was crossed out, with May 4 handwritten in its place. This should have alerted Wheeler to the possible delay. Nor does Wheeler assert a change in the Public Records Act, chapter 42.56 RCW, that made the State's draft juvenile court charging document previously unavailable to him. This evidence could have been discovered with due diligence before Wheeler pleaded guilty almost a year later on April 17, 2006.

Furthermore, even if the May 4, 2005 information did not put Wheeler on notice, his conversation with the judge at the September 11, 2009 SSOSA revocation hearing should have. Yet, Wheeler did not file his public records request until March 2, 2013,

6

nearly three and a half years later. Wheeler did not act with reasonable diligence in discovering the evidence and filing his PRP.

Wheeler fails to demonstrate that his collateral challenge falls within the newly discovered evidence exception. Therefore, the one year time bar precludes any relief.

We affirm the order of the trial court and dismiss Wheeler's PRP as untimely.

WE CONCUR: