# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46152-8-II |
| Respondent, | |
| v. | |
| LOUIS GEORGE IHRIG, III., | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Louis G. Ihrig appeals a portion of his corrected judgment and sentence, which imposed a condition of his sentence that prohibits his contact with his minor children.[1] A jury found Ihrig guilty of first degree rape of a child for having had sexual contact with a six-year-old family friend that he and his wife were babysitting. On July 15, 2009, the trial court entered its judgment and sentence, imposing a minimum term of confinement of 110 months and a maximum term of confinement for life. The judgment and sentence included a lifetime no-contact order with the victim of the crime, but it did not include any other no-contact provisions.

In 2014, the State discovered that an appendix to the pre-sentence investigation report, Appendix F, Additional Conditions of Sentence, had not been attached to the judgment and sentence. It asserted that the trial court had intended to attach that appendix at sentencing but inadvertently failed to do so. The State moved under CrR 7.8(a) to correct the judgment and sentence by attaching Appendix F to it. One of the crime-related additional conditions of Ihrig's

---

[1] A commissioner of this court considered Ihrig's appeal as a court's motion on the merits under RAP 18.14 and then referred it to a panel of judges for decision.

sentence contained in Appendix F is "[n]o contact with minor children without a Court order."

Clerk's Papers 42.

During a March 18, 2014 hearing on the State's CrR 7.8(a) motion, Ihrig objected to the no-contact order to the extent it applied to his own children, who were then 9, 11 and 12 years old. The trial court ruled as follows:

> All right. Well, I did have the opportunity to review the sentencing proceeding in -- in terms of my pronouncement of the sentence and reviewed the judgment and sentence, which I believe specifically refers to the appendix involved[,] although it wasn't attached. And, conditions other than those listed here are not listed in the judgment and sentence itself, so it wouldn't make sense for me to order community custody for the length of time that we are talking about without setting conditions and refer to an -- an appendix unless it intended to be attached. So, it appears to me that it is a clerical error and that the appendix itself should have been attached to the judgment and sentence back when the matter was entered. I specifically reviewed my remarks during the sentencing and my imposition of sentence to determine whether there was any reference to Mr. Ihrig and his contact with minors and his family in particular. I found that, first of all, that I specifically prohibited him to have any contact with the victim in the case or her family and I specifically prohibited him from any contact with minors, and I did not say, as I do in some cases, that he could have contact with minor children who were members of his own family. So, that's the sentence I imposed back then and I have no reason to revisit that sentence now. So, as -- as long as the children are minors, he is not to have contact with them.

1 Verbatim Report of Proceedings at 2-3. The trial court then entered an order correcting the judgment and sentence to attach Appendix F.

Ihrig appeals from the trial court's correction of his judgment and sentence prohibiting contact with minor children, as ordered in Appendix F, as it applies to his own minor children.[2] He argues that the trial court did not conduct the necessary fact-specific inquiry required before infringing on his constitutional right to parent his children. We agree.

RCW 9.94A.505(8) provides that the trial court may impose "crime-related prohibitions" as part of any sentence. We review impositions of crime-related prohibitions for abuse of discretion. *State v. Ancira*, 107 Wn. App. 650, 653, 27 P.3d 1246 (2001). A trial court abuses its discretion when the decision is manifestly unreasonable or based on untenable grounds or untenable reasons. *Ancira*, 107 Wn. App. at 653.

A trial court's sentencing condition that infringes on a constitutional right, such as a parent's rights as to his children, "must be 'sensitively imposed' so that [the condition is] 'reasonably necessary to accomplish the essential needs of the State and public order.'" *In re Pers. Restraint of Rainey*, 168 Wn.2d 367, 374, 229 P.3d 686 (2010) (quoting *State v. Warren*, 165

---

[2] The State contends that the no-contact order as to minor children is not appealable because it was a correction of the original judgment and sentence as to which the trial court did not exercise any independent judgment when it corrected the judgment and sentence. It relies on *State v. Kilgore*, 167 Wn.2d 28, 40-41, 216 P.3d 393 (2009) and *State v. Barberio*, 121 Wn.2d 48, 51-52, 846 P.2d 519 (1993). But in each of those cases, this court had remanded to the trial court for further proceedings, and the appellant sought to raise arguments that he could have raised, but did not raise, in his original appeal. *See Kilgore*, 167 Wn.2d at 41; *Barberio*, 121 Wn.2d at 50. Here, given that the no-contact order as to minor children was not included in Ihrig's original judgment and sentence, it is not clear whether such an order was actually imposed by the trial court's oral remarks during the sentencing hearing. *See State v. Friedlund*, 182 Wn.2d 388, 394-95, 341 P.3d 280 (2015) ("'A trial court's oral or memorandum opinion is no more than an expression of its informal opinion at the time it is rendered. It has no final or binding effect unless formally incorporated into the findings, conclusions, and judgment.'" (quoting *State v. Mallory*, 69 Wn.2d 532, 533-34, 419 P.2d 324 (1966))). Thus, because it is not clear that Ihrig could have challenged the no-contact order as to minor children in his direct appeal, *Kilgore* and *Barberio* do not prohibit Ihrig from challenging the no-contact order as to minor children when the trial court appended it to his judgment and sentence.

Wn.2d 17, 32, 195 P.3d 940 (2008)).  A trial court may restrict the fundamental right to parent as a condition of a criminal sentence only "if the condition is reasonably necessary to prevent harm to the children." *Ancira*, 107 Wn. App. at 654.  "There must be no reasonable alternative way to achieve the State's interest." *Warren*, 165 Wn.2d at 34-35.

Our Supreme Court, in *Rainey*, remanded when it could not determine whether the trial court analyzed the scope and duration of the no-contact order according to the facts of the case in relation to the reasonable necessity of a lifetime no-contact order.  *Rainey*, 168 Wn.2d at 381-82.  "Given the fact-specific nature of the inquiry," it was error for the trial court to not address the scope and duration of the no-contact order under the reasonably necessary standard before it imposed the no-contact order as a condition of Rainey's sentence.  *Rainey*, 168 Wn.2d at 382.

Ihrig argues that the no-contact order should be remanded for the trial court to "address the parameters of the no-contact order under the 'reasonably necessary' standard" because the trial court did not conduct a fact-specific inquiry into the necessity of a lifetime no-contact order with his children or consider an alternative.  *Rainey*, 168 Wn.2d at 382.  The State responds that because Ihrig committed his crime while babysitting a family friend, prohibiting him from having contact with his minor children was a crime-related prohibition permitted under RCW 9.94A.505(8).

We agree with Ihrig because it does not appear from the record that the trial court engaged in the fact-specific inquiry required by *Rainey* either in Ihrig's original sentencing hearing or in the hearing on the State's motion to correct the judgment and sentence.[3]  Nor does it appear that the trial court considered less restrictive alternatives that would have protected Ihrig's children

---

[3] Neither Ihrig nor the State sought to supplement the record with a verbatim report of the original sentencing hearing.

from harm while allowing some contact by Ihrig. Thus, we reverse and remand the lifetime no-contact order as to minor children as applied to Ihrig's children for the trial court to conduct the inquiries required by *Rainey* and *Ancira.*

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

WORSWICK, P.J.

MAXA, J.