IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 34897-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| DONALD LEE DYSON, JR., | ) | |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Donald Dyson Jr. appeals a sentence imposed by the trial court

following this court's remand for correction of a problem with his sentence. This court

had affirmed his convictions for first degree assault but held that mandatory minimum

sentences the trial court imposed under RCW 9.94A.540 must be based on a finding by a

jury, not the court. *State v. Dyson*, 189 Wn. App. 215, 217, 360 P.3d 25 (2015) (plurality

opinion), *review denied*, 184 Wn.2d 1038, 379 P.3d 957 (2016) (citing *Alleyne v. United

States*, 570 U.S. 99, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013)).

When an appellate court remands for the trial court to enter only a ministerial

correction of the original sentence, a defendant has no constitutional right to be present

for the correction and no right to raise new sentencing issues. *State v. Toney*, 149 Wn.

App. 787, 792, 205 P.3d 944 (2009); *State v. Ramos*, 171 Wn.2d 46, 48, 246 P.3d 811

(2011), *aff'd*, 187 Wn.2d 420, 387 P.3d 650 (2017). This court's opinion was arguably ambiguous as to whether we ordered a ministerial correction or authorized a full resentencing. *Dyson*, 189 Wn. App. at 228 (stating "we remand for resentencing with instructions that the trial court remove the mandatory minimum sentences for each crime" and, in the next paragraph, "We vacate Donald Dyson's sentence and remand for resentencing"). At the hearing to address our remand, the trial court allowed Mr. Dyson to be present and to speak.

At the hearing, Mr. Dyson asked the court to impose an exceptional concurrent sentence rather than the standard consecutive sentences it had imposed before. He relied in part on a competency evaluation prepared by Eastern State Hospital staff following our remand, in which staff determined he was competent but observed that he had been diagnosed (by history) with posttraumatic stress disorder and had previously suffered a traumatic brain injury.

Having heard from the lawyers and Mr. Dyson, the trial court struck the mandatory minimum sentences but kept in place the consecutive standard range sentences earlier imposed. Mr. Dyson argues on appeal that the trial court had discretion to grant his request for exceptional sentencing but mistakenly believed otherwise, and refused even to consider his request.

If the court imposes a standard range sentence, the general rule is that it cannot be appealed. *State v. Friederich-Tibbets*, 123 Wn.2d 250, 252, 866 P.2d 1257 (1994). A

standard range sentence can be challenged on the basis that the court refused to exercise discretion. *State v. Garcia-Martinez*, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997). In such a case it is the court's refusal to exercise discretion that is appealable rather than the sentence itself. *Id.*

By contrast, when a trial court has the authority to conduct a full resentencing on remand but chooses not to exercise its independent judgment at that time, there is no issue to review in an appeal from the resentencing. *State v. Kilgore*, 167 Wn.2d 28, 40, 216 P.3d 393 (2009) (citing *State v. Barberio*, 121 Wn.2d 48, 51, 846 P.2d 519 (1993)). The trial court's actions give rise to no new appealable issues, meaning the defendant's right to appeal in state court was exhausted with issuance of the mandate in the first appeal. *See id.*

Contrary to Mr. Dyson's contention, the trial court did not conclude that it lacked discretion to entertain his request. It announced, instead, that it didn't need to determine whether it had discretion because even if it did, the court would not change the consecutive character of the sentences:

> Even if I were so inclined to review my sentence, even if I thought I had authority to run things concurrently, which I'm not necessarily convinced I do, even if I did, even if I was convinced that this report somehow allows me to open the sentence up and reimpose it, I will just indicate that I am not so inclined to do that. But I believe the sentence that I imposed in light of the evidence that I heard was appropriate at that time in January of 2014, and I believe it still is.

No. 34897-1-III
*State v. Dyson*

And in saying that I want everyone to understand I appreciate how long the sentence is but, again, based on what I heard and saw, I thought it was the appropriate sentence to impose. And again, I still do.

Report of Proceedings at 17.

Because the trial court made clear its intention not to exercise any discretion it enjoyed, Mr. Dyson's appeal rights were exhausted with his first appeal. For the same reason, we will not consider the statement of additional grounds that Mr. Dyson filed following the notice of this appeal.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Siddoway, J.

WE CONCUR:

Fearing, C.J.

Pennell, J.

4