# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50354-9-II |
| Respondent, | |
| v. | |
| JD JONES BARTON, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — JD Jones Barton appeals his amended judgement and sentence arguing that the Department of Corrections (DOC) violated his rights by not crediting his sentence with the proper amount of time served. Barton also raises several issues regarding DOC's actions in a statement of additional grounds (SAG) for review.

Barton's requested relief is outside the record of this appeal. Consequently, we affirm his amended judgment and sentence.

## FACTS

Barton pleaded guilty to two counts of second degree assault and one count of first degree unlawful possession of a firearm. Barton originally pleaded guilty in 2008, but we remanded his judgment and sentence because it exceeded the statutory maximum. He was resentenced in 2011and we again remanded the sentence because Barton was misadvised on the consequences of his plea. Barton withdrew his 2008 guilty pleas, but pleaded guilty again in 2013. The 2013 sentence included a term of community custody. After considering his personal restraint petition (PRP), we remanded Barton's 2013 judgment and sentence to the trial court to

remove the terms of community custody. *In re Pers. Restraint of Barton*, No. 46493-4-II, slip op. at 3, (Wash. Ct. App. May 5, 2015), http://www.courts.wa.gov/opinions.

After conducting a sentencing hearing, the trial court issued an amended felony judgment and sentence. The trial court did not include community custody provisions. Adopting the recommendations of the parties, the court added language regarding Barton's good time calculation.

Barton appeals the amended felony judgment and sentence alleging that DOC is not properly calculating his time served according to the new judgment and sentence.

ANALYSIS

I. ARGUMENT ON APPEAL

Barton argues that the "DOC's refusal to comply with the trial court's order of credit for time served and good time for presentencing custody violates Barton's due process, and equal protection rights." Br. of Appellant at 4. Barton requests us to order DOC to comply with the trial court's judgment and sentence. Because Barton assigns no error to the trial court's judgment and sentence and because his argument is outside the record on appeal, we do not consider the merits of his argument.

RAP 10.3(a)(4) requires an appellant to state in his brief, the alleged errors made by the trial court. We do not review matters outside the record on direct appeal. *State v. McFarland*, 127 Wn.2d 322, 338, 899 P.2d 1251 (1995).

Barton assigns no error to the trial court's amended felony judgment and sentence. Instead, he assigns error only to DOC's actions. Further, Barton requests this court enforce the amended judgment and sentence against DOC. However, DOC is not a party to this suit on

appeal and the record on direct appeal is devoid of facts to support Barton's arguments. Although Barton provides some context of his complaints regarding DOC's calculations of time credit, he does this through his briefing and a declaration attached to his notice of appeal. Such briefs and declarations are not part of the trial record on appeal. Accordingly, because Barton assigns error only to DOC's action, an issue which is not on direct appeal here, we cannot consider Barton's argument. *See McFarland*, 127 Wn.2d at 338.

## II. STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW

In his SAG, Barton contends DOC violated (1) the separation of powers doctrine, (2) the double jeopardy clause, (3) the equal protection clause, (4) the due process clause, (5) state law, and (6) DOC policy. For the reasons listed above, the facts Barton relies on are outside the record on appeal. We do not address these issues.

A SAG must adequately inform the court of the nature and occurrence of alleged errors. *State v. Calvin*, 176 Wn. App. 1, 26, 316 P.3d 496 (2013). We consider only arguments not already adequately addressed as raised by the defendant's appellate counsel. *State v. Thompson*, 169 Wn. App. 436, 493, 290 P.3d 996 (2012). We do not consider matters outside the scope of the direct appeal. *State v. Barberio*, 121 Wn.2d 48, 50-51, 846 P.2d 519 (1993). We do not review matters outside the record on direct appeal. *McFarland*, 127 Wn.2d at 338. Issues involving facts outside of the record are properly raised in a PRP, rather than a SAG. *Calvin*, 176 Wn. App. at 26.

In Barton's SAG, he does not allege the trial court erred in amending the judgment and sentence. Instead, Barton alleges the DOC is unlawfully denying him the proper presentencing credit to his time served. As a result, he contends that the DOC is violating a variety of

No. 50354-9-II

constitutional, statutory, and policy provisions. These assertions are all dependent on matters outside the record of the resentencing issue on appeal. As such, we are unable to address these issues in this appeal. *McFarland*, 127 Wn.2d at 338. We cannot address any of Barton's SAG claims.

Barton's judgment and sentence is affirmed.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, P.J.

We concur:

Melnick, J.

Sutton, J.

4