IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35976-0-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JAYME LEE RODGERS, | ) | |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Jayme Lee Rodgers was resentenced in 2017 for convictions originally imposed in 2014. The resentencing followed this court's decision affirming in part and reversing in part his judgment and sentence, and the Washington Supreme Court's decision reversing this court on a matter this court had affirmed. *See State v. Weatherwax*, 193 Wn. App. 667, 376 P.3d 1150 (2016) (published in part), *rev'd*, *State v. Weatherwax*, 188 Wn.2d 139, 392 P.3d 1054 (2017).

Although Mr. Rodgers makes six assignments of error, one is dispositive: his contention that the trial court erred by refusing to consider his request for a mitigated exceptional sentence. At the time of the resentencing, the State argued the case was remanded for merely ministerial changes to the judgment and sentence, not a full resentencing. On appeal, the State argues that the trial court recognized its discretion to

entertain the request for an exceptional sentence but chose not to, with the result that Mr. Rodgers has no exercise of judgment to appeal.

We are satisfied from the trial court's statements that it believed it lacked discretion to entertain Mr. Rodgers's request for an exceptional sentence. This was error. Because we reverse the sentence and remand for a full resentencing, the other oversights and issues raised by Mr. Rodgers—errors and oversights the State concedes—can be addressed at that time. To assist the trial court and the parties at the resentencing, we recap those other errors and oversights at the conclusion of this opinion.

## FACTS AND PROCEDURAL BACKGROUND

On September 24, 2013, Jayme Lee Rodgers and Thomas Weatherwax verbally threatened an alleged rival gang member inside a convenience store in Spokane. A little while later, in the parking lot of that store, they fired a series of shots at the gang member and two bystanders. *Weatherwax*, 188 Wn.2d at 144.

The State ultimately charged Mr. Rodgers with seven crimes: three counts of drive-by shooting, three counts of first degree assault, and one count of conspiracy to commit first degree assault. *Id*. At the conclusion of Mr. Rodgers's and Mr. Weatherwax's joint trial, the jury found them guilty as charged and returned "yes" special verdicts to four firearm enhancements and three gang aggravators for each defendant. *Id.* The trial court sentenced Mr. Rodgers to 546 months (45.5 years) in prison. *Id.* at 145.

2

Mr. Rodgers and Mr. Weatherwax appealed to this court, which reversed the drive-by shooting convictions but affirmed the trial court's offender score calculations and sentences. Calculation of the challenged offender score had turned on the proper construction of RCW 9.94A.589(1)(b) as applied to a defendant whose serious violent offenses include both completed and anticipatory offenses. This court's construction of the statute—which differed from its construction by Division One in *State v. Breaux*, 167 Wn. App. 166, 179, 273 P.3d 447 (2012)—was reversed by the Supreme Court. The Supreme Court held that the first degree assault and conspiracy to commit first degree assault have the same seriousness level, and the trial court should have chosen the conspiracy count, with its lower standard range, as the starting point for calculating the consecutive sentences. *Weatherwax*, 188 Wn.2d at 156. It "reverse[d] and remand[ed] for resentencing consistent with th[e] opinion." *Id*.

On remand, Mr. Rodgers asked the trial court to impose a base sentence below the standard range and to run counts and enhancements concurrently. He relied for his request on his youth (he was 22 years old when he committed the crimes) and argument that the operation of the multiple offense policy of RCW 9.94A.589 resulted in a presumptive sentence that was clearly excessive in light of the purpose of the Sentencing Reform Act of 1981, chapter 9.94A RCW. He supported his request with letters, a recent mental health evaluation, certificates he had received in prison, and communications between the defense and the State about what would be a reasonable sentence.

3

The State argued that the Supreme Court had directed the trial court on remand to make only "technical" sentencing corrections, not to conduct a full resentencing. Report of Proceedings (RP) at 21.

At the sentencing hearing, the trial court expressed its belief that it had received "a pretty straightforward direction from the [Supreme C]ourt." RP at 26. It pointed to the Supreme Court's statement in its introductory summary of the issue on appeal that it was "revers[ing] and remand[ing] for resentencing using the approach taken by the Court of Appeals in *Breaux*." *Weatherwax*, 188 Wn.2d at 144. The trial court also pointed to the last paragraph of the Supreme Court's decision, captioned "Conclusion," in which the Supreme Court stated, "[t]he trial court must choose the offense whose standard range is lower as the starting point for calculating the consecutive sentences," and, "We reverse and remand for resentencing consistent with this opinion." *Id.* at 156; RP at 27. Based on those perceived directions, the trial court explained its understanding of the posture on remand:

> I'm aware if we had sentenced this case today, we might have different arguments than we had in August of '14. And I'm aware that we might have a different approach on some things, at least would have a different record, because we would talk about different things a[t] least as to that. But my position is the court of appeals looked at this, the Supreme Court looked at it, and ultimately sent me a specific direction and mandate and said, you are to do this. And I think I'm bound by that.

RP at 27-28.

The trial court allowed Mr. Rodgers to speak and listened to a few individuals who spoke on his behalf. But in explaining the sentence it was going to impose, it did no more than use the conspiracy count as its starting point for calculating the offender score and impose midrange sentences, which is what the State represented the court had done at the original sentencing. Mr. Rodgers appeals.

ANALYSIS

When an appellate court remands a defendant's case for resentencing, the trial court has discretion to resentence the defendant on all counts. *State v. Toney*, 149 Wn. App. 787, 793, 205 P.3d 944 (2009). When a defendant's case is remanded for only a ministerial correction, however, the trial court does not have discretion to conduct a full resentencing. *Id*. at 792.

A different issue arises when a trial court has the authority to conduct a full resentencing on remand but chooses not to exercise its independent judgment at that time. In that event, the trial court's actions give rise to no new appealable issues, meaning the defendant's right to appeal in state court was exhausted with issuance of the mandate in the first appeal. *See State v. Kilgore*, 167 Wn.2d 28, 40, 216 P.3d 393 (2009) (citing *State v. Barberio*, 121 Wn.2d 48, 51, 846 P.2d 519 (1993)).

A trial court's mistaken belief that it lacks discretion to impose a mitigated exceptional sentence is error. *State v. McFarland*, 189 Wn.2d 47, 56, 399 P.3d 1106 (2017). While no defendant is entitled to challenge a sentence within the standard range,

that rule does not preclude a defendant from challenging on appeal the legal

determinations, such as a trial court's determination of the extent of its discretion, by

which the sentencing court reaches its decision. *Id.*

Both parties in this appeal are right about the law on these issues; their

disagreement is over what the trial court understood about its discretion. When defense

counsel was invited to address the court at the resentencing, she stated,

> [D]epending on how the Court feels—or what the Court feels its authority
> to do today, that kind of dictates where I would like to address my
> arguments. . . .

RP at 25. Reminding the court of her reliance in her brief on *State v. Toney* and *In re*

*Personal Restraint of Light-Roth*,[1] she continued:

> I was present during the resentencing of Mr. Weatherwax, the co-
> defendant. It was my understanding from what I observed there that the
> Court probably doesn't—didn't, at least at that time—agree with my
> interpretation of the law.
> So I would like to start by asking the Court if we can resolve that
> issue to begin with and then proceed.

RP at 25. The trial court agreed to resolve that issue to begin with and provided the

explanation summarized above as to why it would not entertain the request for a

mitigated exceptional sentence.

---

[1] 200 Wn. App. 149, 401 P.3d 459 (2017), *rev'd*, 191 Wn.2d 328, 422 P.3d 444
(2018), *recons. denied*, No. 94950-6 (Wash. Aug. 28, 2018). *Light-Roth* involved the
distinguishable context of collateral review.

On appeal, the State argues that the issue the trial court "resolve[d] . . . to begin with,"—knowing of its discretion—was whether it would exercise that discretion. According to the State, the trial court announced that it would not exercise its discretion.

We disagree. We are satisfied that the trial court, encouraged by the State, mistakenly believed that it was strictly limited to a ministerial recalculation of the offender score in accordance with *Breaux*'s approach. We draw this conclusion largely from the court's explanation that it perceived the Supreme Court's decision as providing a "pretty straightforward direction" and its concluding remark, "I think I'm bound by that." RP at 26, 28. In addition, the trial court never expressed disagreement with the State's position that the Supreme Court had authorized it to make only ministerial changes. And it never explained why, if it believed it had discretion, it was choosing not to exercise it.

Because the trial court mistakenly believed Mr. Rodgers was not entitled to a full resentencing, a further resentencing is required. In resentencing Mr. Rodgers, we trust the parties and the court will avoid the following oversights that Mr. Rodgers assigns as additional errors on appeal:

- Imposing a community custody condition requiring "'that the defendant not be allowed to have any association or contact with known felons or gang members or their associates,'" which we previously held was unconstitutionally vague, *see Weatherwax*, 193 Wn. App. at 680-81 (emphasis omitted) (Mr. Rodger's assignments of error 2 and 3), and

- Imposing a mandatory minimum term of confinement of 60 months on counts 1, 3, and 4, which we previously reversed. *Weatherwax*, No. 32708-6-III, slip op. (unpublished portion) at 23, https://www.courts.wa.gov/opinions/pdf/327086 .pub.pdf (Mr. Rodger's assignment of error 4).

In determining whether to impose court costs and a DNA[2] collection fee, the trial court will have the opportunity to apply current law, thereby addressing Mr. Rodgers's assignment of error 5.

We reverse and remand for proceedings consistent with this opinion.[3]

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Pennell, J.

_____

[2] Deoxyribonucleic acid.

[3] Since Mr. Rodgers is the prevailing party, we need not address his assignment of error 6, relating to costs on appeal.

8