# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of | No. 53702-8-II (consolidated with No. 54009-6-II) |
| JOSEPH EMMANUEL ROWLEY, III, | |
| Petitioner. | UNPUBLISHED OPINION |

MELNICK, J. -- Joseph Rowley III seeks relief from personal restraint imposed as a result of his 2013 pleas of guilty to second degree rape of a child and unlawful delivery of controlled substances to a minor. In a prior petition, Rowley challenged the trial court's imposition of discretionary legal financial obligations (LFOs). In an order dated September 5, 2018, the Washington State Supreme Court ordered,

> That the Petitioner's personal restraint petition is granted only on the issue of imposition of [LFOs] and the case is remanded to the Pierce County Superior Court to reconsider the imposition of discretionary [LFOs] consistent with the requirements of *State v. Nicholas Peter Blazina*, 182 Wn.2d 827, 344 P.3d 680 (2015).

Order, *In re Pers. Restraint of Rowley*, No. 95883-1, at 2 (Wash. Sep. 5, 2018).

The Pierce County Superior Court scheduled a hearing on the reconsideration of LFOs for February 1, 2019. But on January 23, 2019, the deputy prosecutor and Rowley's counsel presented an agreed motion and order correcting order revoking sentence, which stated,

> It is hereby ORDERED, ADJUDGED and DECREED that the Judgment and Sentence granted the defendant on February 11, 2013, be and the same is hereby corrected as follows:
> l) The page five § 4.1 of the Judgment and Sentence should reflect, in light of [*Blazina*, 182 Wn.2d 827], that the State is no longer seeking, and the Court is no longer imposing the following discretionary [LFOs]: $500 [Department of Assigned Counsel] Recoupment and the $200 Criminal Filing Fee; the total cost should reflect $600.00.
> 2) All other terms and conditions of the defendant's Judgment and Sentence shall remain in full force and effect as if set forth in full herein.

Resp. to Pet., App. at 48-49.

In his current petitions,[1] Rowley argues that he had the right to be present at the presentation of the agreed order. But in entering the agreed order, the trial court did not "exercise its independent judgment to review and reconsider" the LFOs, so Rowley did not have the right to be present for the entry of the agreed order. *State v. Barberio*, 121 Wn.2d 48, 51, 846 P.2d 519 (1993); *see also State v. Ramos*, 171 Wn.2d 46, 48, 246 P.3d 811 (2011). He argues that by not being present, he was denied the opportunity to raise a myriad of claims of ineffective assistance of counsel and prosecutorial misconduct before the trial court. But the trial court's authority was

---

[1] In addition to filing a personal restraint petition with this court, Rowley filed a motion for discretionary review in the trial court. That court transferred his motion to us under CrR 7.8(c) to be considered as a personal restraint, and we consolidated it with the petition he filed with this court.

2

limited by the scope of the remand ordered by the Supreme Court: the discretionary LFOs. *State v. Kilgore*, 167 Wn.2d 28, 42, 216 P.3d 393 (2009).[2]

Rowley does not show that he is entitled to relief from restraint. We therefore deny his petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MELNICK, J.

We concur:

WORSWICK, P.J.

GLASGOW, J.

---

[2] And to the extent Rowley seeks to raise those issues and other issues pertaining to the entry of his pleas of guilty in these petitions, they are time-barred by RCW 10.73.090. *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 170, 267 P.3d 324 (2011).