**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>BRANDON RASHAD SULLIVAN,<br><br>Appellant. | DIVISION ONE<br><br>No. 84538-1-I<br>(consol. with No. 85050-4-I)<br><br>UNPUBLISHED OPINION |

DWYER, J. — Brandon Sullivan appeals from the judgment and sentence entered on resentencing following his convictions of robbery in the first degree and unlawful possession of a firearm in the first degree. Previously, on direct review of Sullivan's initial judgment and sentence, we affirmed Sullivan's convictions but remanded to the superior court to conduct resentencing in a manner consistent with our Supreme Court's decision in State v. Blake, 197 Wn.2d 170, 481 P.3d 521 (2021). Sullivan now asserts that the superior court erred on resentencing by denying him credit for time served in custody while he was also serving a sentence for convictions committed in Oregon. He further asserts that the superior court erred by denying his postconviction "request for discovery" regarding a detective who testified at his trial.

Because neither of these assertions of error raises an appealable question, we hold that Sullivan shows no entitlement to appellate relief.  Only when a trial court, on remand, exercised its independent judgment to revisit an earlier ruling does the issue become an appealable question.  Here, the resentencing court declined to exercise its judgment to again rule on the issue of credit for time served; thus, we decline to review Sullivan's claim of error on this question.  In addition, Sullivan fails to demonstrate that he is entitled to discretionary review of the superior court's denial of his "request for discovery."  Accordingly, we similarly decline to review that assertion of error.

Sullivan also raises two claims of error in a statement of additional grounds.  However, because these claims do not flow from the resentencing proceeding, they are not properly raised here.  Accordingly, we also decline to review these claims.  Because Sullivan has asserted no meritorious claim of error with regard to the pertinent proceeding, we affirm the judgment and sentence entered on resentencing.

I

In February 2020, Brandon Sullivan was convicted of robbery in the first degree and unlawful possession of a firearm in the first degree resulting from an incident that occurred at the Skyway Park Bowl.[1]  Within days of his commission of those offenses, Sullivan had committed additional offenses of which he was subsequently convicted in the state of Oregon.  At sentencing for the Washington

---

[1] Additional facts are set forth in our opinion on direct review of Sullivan's initial judgment and sentence.  See State v. Sullivan, 18 Wn. App. 2d 225, 491 P.3d 176 (2021), review denied, 198 Wn.2d 1037 (2022).

convictions, the superior court ruled that Sullivan was entitled to credit for time served with the exception of the time period when he was serving a sentence for the Oregon convictions. Sullivan thereafter appealed from the judgment and sentence.

On appeal, Sullivan assigned error to the superior court's admission of certain evidence tending to prove that he had participated in a shooting approximately 25 minutes subsequent to the robbery with which he was charged. State v. Sullivan, 18 Wn. App. 2d 225, 233, 491 P.3d 176 (2021), review denied, 198 Wn.2d 1037 (2022). He additionally asserted that sufficient evidence did not support a finding that he or another individual involved in the incident was armed with a deadly weapon during the robbery. Sullivan, 18 Wn. App. 2d at 240. Sullivan contended, too, that sufficient evidence did not support a jury determination that he had committed robbery in the first degree as either a principal or an accomplice. Sullivan, 18 Wn. App. 2d at 243. He further asserted, in a statement of additional grounds, that the trial judge had violated "the appearance of fairness doctrine." Sullivan, 18 Wn. App. 2d at 244-45. Finally, Sullivan sought resentencing pursuant to our Supreme Court's decision in Blake. Sullivan, 18 Wn. App. 2d at 247. In an opinion filed on July 6, 2021, we affirmed Sullivan's convictions but remanded for resentencing consistent with the Blake decision. Sullivan, 18 Wn. App. 2d at 247.

Prior to resentencing, Sullivan filed multiple pro se postconviction motions in the superior court. Among those motions was a CrR 7.8 motion for relief from judgment, filed by Sullivan on January 14, 2022. Sullivan therein asserted that

the State had committed a Brady[2] violation by allegedly failing to turn over "impeachment evidence" relating to a detective who had testified at Sullivan's trial. On February 9, 2022, Sullivan filed a postconviction "request for discovery" aimed at supporting his motion for relief from judgment.

At an August 19, 2022 hearing, the superior court addressed Sullivan's "request for discovery." The court determined that Sullivan had neither demonstrated how the detective's testimony had affected the outcome of the trial nor shown good cause to believe that the requested discovery would entitle Sullivan to relief. Accordingly, the court denied Sullivan's request for postconviction discovery "without prejudice to [bring] another [such] motion" if Sullivan obtained further information suggesting that he may be entitled to relief.

On October 14, 2022, the court held a Blake resentencing hearing pursuant to our remand.[3] Defense counsel asserted at the hearing that the resentencing court could properly grant to Sullivan credit for time served for the time period during which he was serving the Oregon sentence. The court, noting that this issue had been highly litigated at the initial sentencing and had not been raised on appeal, ruled that it was "not going to revise that portion of" the judgment and sentence. Accordingly, consistent with Sullivan's initial judgment and sentence, the court ruled that he "shall have credit for time served as determined by the Department of Corrections and the King County Jail. The

---

[2] Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

[3] At the hearing, the court, in addition to resentencing Sullivan, addressed Sullivan's six outstanding pro se postconviction motions. With regard to Sullivan's CrR 7.8 motion pertaining to the purported Brady violation, the court ruled that the motion would be transferred to this court as a personal restraint petition. No such petition has been consolidated with this case.

provision concerning the credit for time served between 2017 and 2019 in Oregon shall remain the same as in the original judgment and sentence." The court imposed a sentence consistent with Sullivan's original sentence given the modified applicable standard ranges.

In this court, Sullivan filed a "notice of appeal" of the superior court's denial of his postconviction "request for discovery." This court notified Sullivan that "the order being appealed from is not a final judgment but is reviewable by discretionary review, pursuant to RAP 2.3," and ordered that Sullivan file a motion for discretionary review. Sullivan additionally appealed from the judgment and sentence entered on resentencing. This court thereafter notified the parties that the notice of discretionary review would be considered with the pending appeal from the judgment and sentence.[4]

II

Sullivan asserts that the resentencing court erred by denying him credit for time served in custody during the period in which he was serving a sentence for the Oregon convictions. We disagree. Sullivan did not, in his first appeal, assign error to the superior court's denial of credit for time served during that period. On resentencing, the superior court exercised its discretion to decline to reconsider its prior ruling. Because the resentencing court declined to exercise its

---

[4] Sullivan additionally filed in this court a "notice of appeal" of the superior court's order denying petitioner's motion to clarify, filed on January 10, 2023. In his "motion to clarify," Sullivan had requested that the superior court hold a postconviction hearing to "clarify the record" to ensure that a juror at his trial was able to hear the proceedings. Our commissioner consolidated the matter with Sullivan's appeal from the judgment and sentence entered on resentencing. However, on appeal, Sullivan neither assigns error to the superior court's order nor provides any argument regarding the propriety of that order. Accordingly, he has forfeited any such argument.

independent judgment on remand with regard to this issue, the issue is not an appealable question. Accordingly, we decline to review this claim of error.

Pursuant to RAP 2.5(c)(1),

[i]f a trial court decision is otherwise properly before the appellate court, the appellate court may at the instance of a party review and determine the propriety of a decision of the trial court even though a similar decision was not disputed in an earlier review of the same case.

As our Supreme Court has explained,

[t]his rule does not revive automatically every issue or decision which was not raised in an earlier appeal. Only if the trial court, on remand, exercised its independent judgment, reviewed and ruled again on such issue does it become an appealable question.

State v. Barberio, 121 Wn.2d 48, 50, 846 P.2d 519 (1993). Similarly, "[i]t is discretionary for the trial court to decide whether to revisit an issue which was not the subject of appeal." Barberio, 121 Wn.2d at 51. If the court exercises its discretion to do so, then we "*may* review such issue." Barberio, 121 Wn.2d at 51. This rule is "permissive for both the trial court and the appellate court." Barberio, 121 Wn.2d at 51.

Here, the superior court ruled at Sullivan's initial sentencing that he was not entitled to credit for time served for the period in which he was serving a sentence for the Oregon convictions. Sullivan did not assign error to this ruling in his first appeal. See Sullivan, 18 Wn. App. 2d 225. On resentencing, the court recognized that this issue had been highly litigated at Sullivan's initial sentencing. The court declined to reconsider its prior ruling, stating that it was "not going to revise that portion of" the judgment and sentence. Instead, the court addressed

- 6 -

solely the issue for which we had remanded the matter—resentencing consistent with our Supreme Court's decision in Blake.

The resentencing court acted within its discretion in so doing. Barberio, 121 Wn.2d at 50 (recognizing that "'[t]he trial court may exercise its independent judgment as to decisions to which error was not assigned in the prior review'" (quoting 2 LEWIS H. ORLAND & KARL B. TEGLAND, WASHINGTON PRACTICE: RULES OF PRACTICE at 481 (4th ed. 1991))). Because the court did not, on remand, exercise independent judgment regarding the issue of credit for time served, that issue is not an appealable question. Barberio, 121 Wn.2d at 50. Accordingly, we exercise our discretion to decline to review it. RAP 2.5(c)(1).

III

Sullivan additionally asserts that the superior court erred by denying his postconviction "request for discovery." We again disagree. Sullivan, again, fails to raise an appealable issue. The superior court denied Sullivan's "request for discovery" without prejudice and, thus, did not enter a final order on the motion. For this reason, Sullivan is not entitled to review as a matter of right. Because Sullivan makes no attempt to demonstrate that discretionary review of the order is warranted, we deny review of this claim of error.

RAP 2.2(a) sets forth the decisions of the superior court that are reviewable as a matter of right. As pertinent in this criminal proceeding, those decisions include "[t]he final judgment entered in any action or proceeding," "[a]n order granting or denying a motion for new trial or amendment of judgment," "[a]n order granting or denying a motion to vacate a judgment," "[a]n order arresting or

denying arrest of a judgment in a criminal case," and "[a]ny final order made after judgment that affects a substantial right." RAP 2.2(a)(1), (9), (10), (11), (13). The order denying Sullivan's "request for discovery," however, was not a final judgment or an order for a new trial, amendment of judgment, vacation of judgment, or arrest of judgment. Nor was it a "final order made after judgment that affects a substantial right." RAP 2.2(a)(13). Indeed, the superior court's order was not a final order at all. Rather, the superior court denied Sullivan's motion without prejudice to bring another such motion if Sullivan were able to show good cause that he may be entitled to relief. Because the superior court's order is not a final order, Sullivan is not entitled to review of the order as a matter of right.[5]

Nevertheless, Sullivan nowhere attempts to demonstrate that discretionary review of the order is warranted. We grant discretionary review only in the circumstances set forth in RAP 2.3(b), which include, as relevant here, "an obvious error [by the superior court] that would render further proceedings useless," "probable error" by the court when its decision "substantially alters the status quo or substantially limits the freedom of a party to act," and such departure by the superior court "from the accepted and usual course of judicial proceedings . . . as to call for review by the appellate court." RAP 2.3(b)(1)-(3). Because Sullivan is not entitled to review of the superior court's order as a matter of right, we will review the court's decision only if discretionary review is

---

[5] Indeed, this court informed Sullivan after he filed a "notice of appeal" of the superior court's order that the order, not being a final judgment, is reviewable only as a matter of discretionary review.

warranted.  Because Sullivan has made no attempt to demonstrate that this is so, we decline to grant such review.

Notwithstanding that Sullivan fashioned his filing in this court as a "notice of appeal," the superior court order of which he seeks review is not a final order. Thus, Sullivan is not entitled to review as a matter of right.  Rather, in order to obtain appellate review, Sullivan was required to demonstrate that discretionary review of the order is warranted.  As he has made no attempt to do so, we decline to review the superior court's order denying Sullivan's postconviction "request for discovery."

IV

Sullivan also asserts two assignments of error in a statement of additional grounds.  He contends therein that a detective who testified at his trial "committed a Brady violation" by not obtaining all of the available video footage from the scene.[6]  He further contends that the trial judge violated the statutory duty to excuse from jury service a purportedly unfit juror, thus denying Sullivan's right to due process.  Although each of these claims assert error that purportedly occurred during Sullivan's trial, neither issue was raised by Sullivan in his initial appeal.  Because these assertions of error do not flow from the Blake resentencing proceeding at issue here, they are not properly raised on appeal from the judgment and sentence resulting from that proceeding.  The appropriate

---

[6] We note that this is the same claim of error asserted in Sullivan's CrR 7.8 motion for relief from judgment in the superior court.  The appropriate means to obtain such postconviction relief is through a CrR 7.8 motion or a personal restraint petition.  Sullivan cannot evade the requirements for collateral attack by attempting to append such claims of error to his appeal from a separate proceeding.

means to challenge such purported errors is through collateral attack on the initial judgment and sentence. Accordingly, we decline to review the assertions raised in Sullivan's statement of additional grounds.

Affirmed.

Dwyer, J.

We concur:

Birk, J.          Chung, J.