# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 78621-1-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| JOSHUA DAVID LAMBERT, | |
| Appellant. | |

APPELWICK, J. — A jury convicted Lambert of eight offenses, including murder, kidnapping, and burglary. This court reversed two of Lambert's convictions on appeal. On remand, the trial court resentenced Lambert on his six remaining convictions. Lambert now appeals from the resentencing. He contends the charging document failed to adequately apprise him of the elements of the charged crimes. Lambert also raises claims related to restitution, his offender score, exceptional sentence, waiver of counsel on remand, and a motion for funding. We remand for correction of Lambert's offender score consistent with State v. Blake, but otherwise affirm his judgment and sentence.[1]

## FACTS

During a crime spree that took place on a single day in October 2011, Joshua Lambert murdered both of his grandfathers at their respective homes, attacked and tied up his great-aunt, and committed a number of other crimes.

_____

[1] 197 Wn.2d 170, 481 P.3d 521 (2021).

State v. Lambert, 199 Wn. App. 51, 56-58, 395 P. 3d 1080 (2017). The State charged Lambert with two counts of murder in the first degree, kidnapping in the first degree, three counts of burglary in the first degree, taking a motor vehicle without permission, and unlawful possession of a firearm. Id. at 58. The State asserted that Lambert was armed with a deadly weapon when he committed several of the charged crimes and alleged a number of aggravating factors under RCW 9.94A.535(3). Id.

Based on the evidence presented at trial, the trial court rejected Lambert's motion for acquittal because he did not meet his burden to prove he was not guilty by reason of insanity. Id. at 68. The jury returned verdicts finding Lambert guilty of all charged crimes and found that he was armed with a deadly weapon as to five counts. Id. at 68-69. The jury also found aggravating factors as to both counts of murder, kidnapping, and one of the burglary counts. Specifically, the jury found particular vulnerability of victims (three counts); use of a position of trust to facilitate crimes (three counts); deliberate cruelty (one count); destructive and foreseeable impact of the crime on individuals other than the victim (one count); and commission of burglary in the presence of a victim (one count). See RCW 9.94A.535(3)(a), (b), (n), (r), (u). Based on these findings, the court imposed an exceptional sentence of 1,200 months (100 years). Id. at 69.

Lambert appealed his convictions and sentence. We determined there was insufficient evidence to support Lambert's conviction of felony murder of Lambert's maternal grandfather predicated on the burglary of Lambert's mother's home—one of the alternative charged means of first degree murder. Id. at 55. As a result, we

reversed two convictions: Lambert's murder conviction (of his maternal grandfather) and his burglary conviction (of his mother's home), and held that the State could retry Lambert on only premeditated murder and burglary based on the deadly weapon prong. Id.

The State ultimately elected not to retry Lambert and the trial court dismissed the two reversed charges on the State's motion. In June 2018, the trial court resentenced Lambert on the remaining convictions. Lambert represented himself, as he had during most of the initial trial proceedings, and presented exhibits and the testimony of several witnesses at the resentencing hearing. Based on the 2013 jury findings of aggravating factors related to three counts that were unaffected by our decision on appeal (murder, kidnapping, and burglary), the trial court again imposed an exceptional sentence, but reduced the length of the sentence to 80 years. Lambert appeals.

## DISCUSSION

### I. Charging Document

Lambert argues that five of his six convictions must be reversed because the amended information failed to adequately allege the elements of the charged crimes. He further contends that he can raise these issues in his appeal from resentencing although he did not challenge the sufficiency of the charging document at trial or in his first appeal.

"The general rule is that a defendant is prohibited from raising issues on a second appeal that were or could have been raised on the first appeal." State v. Mandanas, 163 Wn. App. 712, 716, 262 P.3d 522 (2011). Even if the issue raised

is "critical," appellate courts "do not permit a party to ignore an issue on the first appeal only to raise the issue on remand." State v. Fort, 190 Wn. App. 202, 228, 360 P.3d 820 (2015). As our Supreme Court has explained, "[F]inality and reviewability are intrinsically bound . . . '[o]nce an appellate decision is final, review as a matter of right is exhausted.'" State v. Kilgore, 167 Wn.2d 28, 36-38, 216 P.3d 393 (2009) (quoting State v. Hanson, 151 Wn.2d 783, 790, 91 P.3d 888 (2004)).

RAP 2.5 provides exceptions to this rule. Under RAP 2.5(c)(1), an appellate court "may at the instance of a party review and determine the propriety of a decision of the trial court even though a similar decision was not disputed in an earlier review of the same case." But, "'[t]his rule does not revive automatically every issue or decision which was not raised in an earlier appeal.'" State v. Gregory, 192 Wn.2d 1, 31, 427 P.3d 621 (2018) (quoting State v. Barberio, 121 Wn.2d 48, 50, 846 P.2d 519 (1993)). RAP 2.5(c)(1) applies "only if the trial court, on remand and in the exercise of its own independent judgment, considered and ruled again on that issue." Id. (citing Barberio, 121 Wn.2d at 50).

According to Lambert, this exception applies because he filed a motion before resentencing to "Compel [the] State to State with Particularity the Underlying Facts to Support an Aggravating Sentence" and the trial court denied his motion. Lambert claims the court thereby exercised independent judgment to decide the same issue on remand that he raises on appeal. Lambert's motion, however, sought to compel the State to identify facts supporting the jury's findings of aggravating factors and to provide the reasons why those facts justified an

exceptional sentence. This has nothing to do with Lambert's arguments on appeal, which challenge the adequacy of the charging document to apprise him of the elements of the crimes of murder, kidnapping, burglary, and taking a motor vehicle without permission. Furthermore, there is nothing in the record to suggest that the court "considered and ruled" on the issue Lambert raised in his motion, and did not simply deny it as untimely.

The trial court on remand did not address the issues to which Lambert now assigns error. RAP 2.5(c)(1) does not apply. The alleged inadequacies of the charging language are no longer reviewable on direct appeal, and we decline to address them. See Hanson, 151 Wn.2d at 790 ("Once an appellate decision is final, review as a matter of right is exhausted.").

## II. Restitution

Lambert claims the trial court erred by failing to conduct a hearing on restitution within the 180 day statutory period. RCW 9.94A.753(1) requires the trial court to set the amount of restitution at the sentencing hearing or within 180 days of that hearing. Here, the court imposed restitution at the 2013 sentencing hearing and then reduced the amount of restitution at the 2018 resentencing hearing.[2] Although Lambert indicated before resentencing that he wished to be present for an "evidentiary hearing" on restitution, he did not raise specific objections or mention evidence he intended to present. When the court imposed restitution in 2013 and again at the 2018 resentencing, Lambert did not challenge the imposition

---

[2] The 2018 judgment and sentence reduced Lambert's restitution by $5,750, based on the removal of a crime victim's compensation claim presumably related to the dismissed counts.

5

or amount of restitution and presented no evidence relevant to restitution. Lambert fails to establish any error with respect to restitution.

III.    Offender Score

In a similar vein, Lambert contends that he was deprived of the right to challenge the State's evidence supporting its calculation of his offender score. Not so. The State filed and served a sentencing memorandum before the 2018 resentencing hearing and provided certified copies of the prior judgments and sentences that were included in the offender score.[3] Lambert requested an "evidentiary hearing." But, again, he raised no specific objection to the State's calculation or the sufficiency of its proof either before or during the resentencing hearing. He did not contend that any prior convictions encompassed the same criminal conduct. The court did not prevent Lambert from challenging his offender score on any basis or from presenting any evidence with regard to the issue.

IV.    Prior Convictions Affected by *State v. Blake*

While this appeal was pending, the Washington Supreme Court decided Blake, and held that former RCW 69.50.4013(1) (2017), Washington's felony drug possession statute, violated the due process clauses of the state and federal constitutions and was therefore void. 197 Wn.2d at 195. As Lambert agues, and the State concedes, as a result of this decision, Lambert's 2001 (Oregon) and 2002 (Washington) convictions of drug possession must be excluded from his offender

---

[3] The State acknowledges that it is unclear from the single-sided copy included in the clerk's papers whether the copy of Lambert's Lane County, Oregon judgment and sentence is certified. Nevertheless, as discussed infra, because that conviction must be excluded from Lambert's offender score for other reasons, we need not address the sufficiency of the proof of the conviction.

score.  See State v. Ammons, 105 Wn.2d 175, 187-88, 713 P.2d 719, 718 P.2d 796 (1986) (prior conviction that is determined to be constitutionally invalid may not be included in an offender score).

Lambert's offender score was 12 for the most serious charge, murder in the first degree.[4]  A reduction of two points would not affect the standard range for this crime, or for any of Lambert's other crimes.  See RCW 9.94A.510 (sentencing grid extends to an offender score of "9 or more").  Resentencing is not required where the court miscalculates the standard range but "'the record clearly indicates the sentencing court would have imposed the same sentence anyway.'"  State v. Chambers, 176 Wn.2d 573, 589, 293 P.3d 1185 (2013) (quoting State v. Parker, 132 Wn.2d 182, 189, 937 P.2d 575 (1997)).

Here, a change in the law since Lambert was resentenced mandates a reduction of his offender score, but the trial court nevertheless correctly calculated the standard range.  And, the sentencing court imposed a sentence above the standard range based on the presence of aggravating factors.  The court determined that 80 years was an appropriate sentence due to the severity of Lambert's crimes of conviction, without regard to his offender score.  The findings of fact supporting the exceptional sentence expressly state that the seven aggravating factors found by the jury, "taken together or considered individually, constitute sufficient cause to impose the exceptional sentence.  This court would impose the same sentence if only one of the grounds [found by the jury] is valid."

_____

[4] Lambert's offender scores for all six crimes ranged from 11 to 14, so after a reduction of two points, his standard range would remain nine or above for all crimes.

In view of the record, we are convinced that the court would impose the same exceptional sentence notwithstanding a two point reduction in Lambert's offender score.[5]  Accordingly, we remand for correction of Lambert's offender score.

V.    Legal Basis for Exceptional Sentence

Lambert claims the sentencing court unlawfully imposed an exceptional sentence based on the court's own findings of future dangerousness and lack of remorse, and not on findings made by the jury.  See Blakely v. Washington, 542 U.S. 296, 301, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) (any fact that increases the penalty above the standard range must also be found by a unanimous jury beyond a reasonable doubt).  But, the legal basis for the exceptional sentence is clearly set forth in the court's findings and conclusions, and does not include future dangerousness or lack of remorse.

The sentencing court had discretion, upon the jury's findings of multiple aggravating factors, to impose a sentence up to the statutory maximum, so long as the sentence is not "clearly excessive."   RCW 9.94A.537(6); RCW 9.94A.585(4).  In fixing the duration of Lambert's sentence, the court considered the brutal and senseless nature of Lambert's crimes, his obvious dangerousness, and his refusal to accept responsibility for his acts.  While none of these factors constituted the legal basis for the exceptional sentence, they were relevant to the court's discretionary determination of the length of the sentence.  The court did not

_____

[5] Likewise, even if we assume that, in view of Lambert's reduced offender score, the court would not find that the "Free Crimes Aggravator" under RCW 9.94A.535(2)(c) applies, we are confident the sentencing court would impose the same exceptional sentence because of its express finding that any one of the aggravating factors was sufficient to support the sentence.

violate Lambert's right to a jury trial or impose an exceptional sentence on an unlawful basis.

VI.    Waiver of Counsel

Next, Lambert claims resentencing is required because he did not validly waive his right to counsel on resentencing.

Criminal defendants have the right to self-representation under both the state and federal constitutions. WASH. CONST. art. I, § 22; Faretta v. California, 422 U.S. 806, 807, 955 S. Ct. 2525, 45 L. Ed. 2d 562 (1975). The right is not absolute and the trial court must determine whether a defendant's request for self-representation is voluntary, knowing, and intelligent. State v. Madsen, 168 Wn.2d 496, 504, 229 P.3d 714 (2010). This court reviews decisions on a defendant's request for self-representation for an abuse of discretion. State v. Coley, 180 Wn.2d 543, 559, 326 P.3d 702 (2014). Waiver of counsel is an "'ad hoc,'" fact specific analysis best suited for trial courts. Id. (quoting State v. Hahn, 106 Wn.2d 885, 900-01, 726 P.2d 25 (1986)).

At the first hearing after this court issued its mandate, the State asked the trial court to (1) set a hearing to resentence Lambert on the remaining counts unaffected by this court's decision on appeal, and (2) set an omnibus hearing and tentative trial date for retrial on charges of murder and burglary. The State indicated that Lambert had filed a motion before the mandate issued indicating his intent to waive counsel, as he had in the initial 2013 proceeding.[6] The court took

---

[6] Lambert's written motion does not appear to be included in the record on appeal.

up the motion and after conducting a thorough colloquy addressing the risks of self-representation, found that Lambert's waiver of counsel on remand was voluntary, knowing, and intelligent.

Lambert now asserts that he sought only to represent himself at trial, but not at resentencing. The record does not support his claim. Despite ample opportunity to do so, Lambert did not place any limitations or parameters on his request to represent himself. He declined to be screened for eligibility for court-appointed counsel for any purpose. The record reflects that, when he waived his right to counsel, Lambert understood that the remand proceedings would include a certain and imminent resentencing hearing and potentially, a later retrial on two charges. Later, when the resentencing was tentatively scheduled, Lambert informed the court of his intent to move for a presentence investigation report and seek a mitigated sentence due to mental illness. Having represented himself throughout most of the first trial, Lambert demonstrated awareness of the procedural posture. Lambert at no time prior to sentencing expressed to the trial court that he had changed his mind and wanted counsel. The trial court had firm and tenable grounds for allowing Lambert to represent himself for all purposes on remand.

VII.   Motion for Funding

Finally, Lambert challenges the trial court's denial of a motion for funding. Lambert does not elaborate on the nature of funding he requested but argues that the court should have addressed the merits, instead of denying the motion on procedural grounds. Lambert provides no citations to the record that correspond

to a motion for funding. Accordingly, Lambert, who has the burden of perfecting the record, has not provided all of the evidence necessary to review this issue. See RAP 9.2(b) (party must provide the portions of the verbatim proceeding "necessary to present the issues raised on review."); State v. Sisouvanh, 175 Wn.2d 607, 619, 290 P.3d 942 (2012) (appellate court may decline to address issues where record is incomplete). In any event, it appears that the court denied his motion because the case had not yet been remanded to the trial court. The trial court's authority to act is limited while appellate review is pending. See RAP 7.2(b) (enumerating issues trial court may address after appellate review has been accepted). And, Lambert does not allege prejudice. The record indicates that he was able to file subsequent requests and the court later ordered funding for some expenses.

We remand for correction of Lambert's offender score consistent with Blake, but otherwise affirm his judgment and sentence.

_Appelwick, J._

WE CONCUR:

11